STATE OF NORTH CAROLINA v. WILLIAM FRANCIS BURGESS.

(Filed 20 March 1968.)

**1. Burglary and Unlawful Breakings § 2—**

The breaking of a store window with the intent to commit a felony completes the offense defined in G.S. 14-54, even though the building is not actually entered.

**2. Burglary and Unlawful Breakings § 5—**

Evidence of the State tending to show that a pharmacy window had been broken sometime after the store had closed for the night, that defendant was discovered in some bushes near the broken window with gloves on and holding a pry bar, that defendant admitted to officers that he broke the window with the intent of blowing the pharmacy's safe to get drugs and that he and an accomplice had nitroglycerin in an automobile for that purpose, *is held* sufficient to be submitted to the jury as to defendant's guilt of breaking and entering with intent to commit the felony of larceny.

**3. Criminal Law § 106—**

The corroborative evidence of *corpus delicti* necessary to support an extra-judicial confession may be circumstantial and need not be sufficient, independent of the confession, to establish the commission of the crime.

**4. Criminal Law § 102—**

Control of the argument of the solicitor and counsel rests largely in the trial court's discretion, and only in extreme cases of abuse where the court fails to intervene or correct an impropriety will a new trial be awarded on appeal.

**5. Criminal Law § 170—**

Impropriety of the solicitor's remarks to the jury to the effect that questions asked by the defendant's attorney indicated that defendant had knowledge of the crime *held* cured by the court's instruction that no question asked by defendant's attorney should be considered as evidence against defendant.

APPEAL by defendant from *Bickett, J.,* First Regular October 1967 Criminal Session of WAKE County Superior Court.

By an indictment proper in form, defendant was charged with the offense of breaking and entering the Brentwood Pharmacy, with the intent to commit the felony of larceny.

The evidence for the State, consisting primarily of the testimony of Don Carter, owner and operator of Brentwood Pharmacy, and Deputy Sheriff Branch, tended to show the following:

Mr. Carter closed the pharmacy on 27 August 1967 at 7:00 p.m., locked the doors and fastened the windows. There was no broken window at the time. In the building, he had drugs, cosmetics, and other merchandise of the value of some $28,000.00.

The building faces north and is located in a shopping center near the northern edge of the city of Raleigh. To the rear and south of the building, on top of a hill, is a Holiday Inn and between the back of the pharmacy and the Holiday Inn is an empty lot with trees and undergrowth on it.

In the back wall of the building, there was a fold-down type window containing lower and upper panes of glass with a screen on the outside.

On said date, Deputy Branch had occasion to be in the vicinity of the pharmacy at about 11:30 p.m. answering a "prowler call" placed by a resident of the area. Thereafter, at about 12:15 a.m., he went to Brentwood Pharmacy and on investigation found a pane of glass in the window broken and the screen pushed in from the outside.

Upon investigation of the area back of the building, Deputy Branch saw some bushes moving and with the aid of his flashlight found the defendant concealed in some bushes a short distance back of the Brentwood Pharmacy.

The defendant was wearing a pair of black gloves and had a craftsman punch and pry bar in his hand. Deputy Branch saw another person in the area but was not able to catch him.

After being warned of his constitutional rights by Deputy Branch, the defendant stated in substance that he knew all about his rights since he had served time in San Quentin Prison and that he was wanted by the State of Maine for parole violation. He further stated

that he had driven a car that another person had stolen in the State of Ohio; he also possessed a stolen Esso credit card.

Defendant further told Deputy Branch that he had broken the window and that he was planning to blow the safe in Brentwood Pharmacy in order to steal some drugs; to accomplish this and to blow another safe in the vicinity, he and his accomplice had eight ounces of nitroglycerin in a 1959 Chevrolet automobile.

The witness Carter testified that he returned to his pharmacy on 28 August 1967 around 1:00 p.m. and found broken glass in the back window; he further testified that there was no merchandise missing from the store.

The defendant offered no evidence. The jury returned a verdict of guilty as charged and from judgment pronounced upon the verdict, defendant appealed.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*

*Boyce, Lake & Burns by G. Eugene Boyce, Attorneys for defendant appellant.*

BRITT, J. Among his assignments of error, defendant contends that the trial court erred in failing to grant his motion for judgment as of nonsuit.

The pertinent language of G.S. 14-54 is, "If any person, with intent to commit a felony or other infamous crime therein, shall break *or* enter . . . any storehouse, shop . . . or other building where any merchandise . . . or other personal property shall be . . . he shall be guilty of a felony. . . ." (Emphasis added.) The breaking of the store window, with the requisite intent to commit a felony therein, completes the offense even though the defendant is interrupted or otherwise abandons his purpose without actually entering the building. *State v. Jones,* 272 N.C. 108 (1967), 157 S.E. 2d 610, and cases cited therein.

Defendant's motion for judgment as of nonsuit was properly overruled. The circumstances in this case make it a question for the jury. *State v. Johnson,* 1 N.C. App. 15 (1968), and cases cited therein.

Defendant contends that "the trial court erred in allowing the State's witness, Mr. Branch, to testify about an alleged verbal confession made by defendant, for that the State had failed theretofore to prove the *corpus delicti.*"

The corroboration of the confession necessary to support its introduction into evidence can be shown by circumstances. *State v.*

*Whittemore,* 255 N.C. 583, 589, 122 S.E. 2d 396; *State v. Thomas,* 241 N.C. 337, 85 S.E. 2d 300 (1954); *State v. Cope,* 240 N.C. 244, 247, 81 S.E. 2d 773; 23 C.J.S., Criminal Law 185. A confession will be sufficient if there be such extrinsic corroborative circumstances, as will, when taken in connection with the confession, establish the prisoner's guilt in the minds of the jury beyond a reasonable doubt. *State v. Whittemore, supra.* The rule does not require that the independent evidence of *corpus delicti* shall be so full and complete as to establish unaided the commission of a crime. It is sufficient if the extrinsic circumstances, taken in connection with the defendant's admission, satisfies the jury of the defendant's guilt beyond a reasonable doubt. *Jordan v. United States* (4th Cir.), 60 F. 2d 4, 5 (1932), and cases cited therein.

The State showed by testimony of Mr. Carter that the pharmacy window was not broken at 7:00 p.m. Some five hours later, at around 12:15 a.m., Deputy Branch found it broken, with the outside screen pushed in, and found the defendant with gloves on and a pry bar in his hand concealed in some bushes a short distance from the broken window. He later admitted to officers that he broke the window, that he intended to blow the safe with nitroglycerin to get drugs, and that there were others with him in an automobile which had nitroglycerin in a sling in the back seat. There was sufficient evidence *aliunde* the confession to corroborate its use and admit it to the jury.

Defendant assigns as error comments by the solicitor in his argument to the jury to the effect that questions asked by the defendant's attorney indicated some knowledge of the crime by the defendant. The record discloses that upon objection by defendant's counsel, the trial judge adequately instructed the jury not to consider any question by the attorney as evidence against the defendant.

The control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and it is only in extreme cases of abuse and when the trial court does not intervene or correct an impropriety that a new trial may be allowed on appeal. *State v. Barefoot,* 241 N.C. 650, 657, 86 S.E. 2d 424; *State v. Bowen,* 230 N.C. 710, 711, 55 S.E. 2d 466; *State v. Horner,* 139 N.C. 603, 52 S.E. 136.

We hold that the impropriety of the argument by the solicitor was cured by the instruction of the trial judge.

We have carefully reviewed the other exceptions and assignments of error cited by defendant but find them without merit.

The record indicates that defendant's court-appointed attorney

represented him well in the trial below and in his appeal to this Court. The defendant had a fair trial, free from prejudicial error.

No error.

MALLARD, C.J., and BROCK, J., concur.