STATE OF NORTH CAROLINA v. WILLIE WOOTEN.

(Filed 15 May 1968.)

**1. Criminal Law § 104—**
   On motion to nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to the benefit of every reasonable inference fairly deducible therefrom.

**2. Burglary and Unlawful Breakings § 2—**
   Defendant's breaking of a store window with the requisite intent to commit a felony therein completes the offense defined in G.S. 14-54 even though defendant is interrupted or otherwise abandons his purpose without actually entering the building.

**3. Burglary and Unlawful Breakings § 5—**
   Evidence in this case *held* sufficient to be submitted to the jury on the issue of defendant's guilt of breaking or entering a filling station with the intent to commit the felony of larceny.

APPEAL by defendant Wooten from *Cahoon, J.,* October 1967 Session of DARE Superior Court.

By indictments proper in form, the defendant Willie Wooten and one Rudolph Arnold were charged with the offense of breaking and entering the Midway Service Station, owned by Philip H. Quidley, with the intent to commit the felony of larceny.

By consent, the cases were consolidated for trial and each defendant pled not guilty. The jury found the defendant Wooten guilty and the defendant Arnold not guilty.

The evidence for the State, consisting primarily of the testimony of Deputies-Sheriff Johnson and Daniels, James Brown, and Philip H. Quidley, tended to show the following:

Mr. Quidley and his employee James Brown closed the station on 24 September 1967 and left between 12:00 and 12:30 at night. All the doors and windows were closed and locked and there were no broken windows. Approximately thirty minutes later — around 1:00 a.m. — Deputies Daniels and Johnson had occasion to go to the Midway Service Station. On reaching the north side of the station, they observed a station wagon parked on the north side of the building near the rear. The station wagon did not have its lights on. Deputy Daniels then observed Arnold come from behind the building and put a piece of metal into the back of the station wagon. Arnold then turned and moved toward the back of the building. The officers gave chase and Deputy Daniels observed Arnold, accompanied by two others, running toward the woods approximately 500-600 yards on the south side of the building. Deputy Daniels identified Wooten as one of the individuals seen running from the station. Deputy Daniels returned to the patrol car and drove to the woods while Officer Johnson proceeded on foot. Defendant Wooten was found about 35 feet inside the woods, lying behind a bush and acting as if he were asleep. No one else was found in the woods. Arnold was later found at his home and claimed to have just returned from Roper.

An examination of the Quidley building disclosed that a metal sash window on the south side had been pried open; a glass pane broken and a handle for opening and closing on the inside had been opened; part of a concrete block of which the building was constructed and located under the window sash was broken where a bar had been used for leverage; the metal sash of the window was bent in a half moon. No one was found in the building.

James Brown, employee of Quidley, testified that he saw both defendants in the station in the company of two women some time between 11:00 and 11:30 p.m. on the Saturday night in question;

that the group came in and looked around for sandwiches but did not buy anything.

Mr. Quidley testified that, on being called by the police, he returned to the station shortly after 1:00 a.m.; that he found the wooden door at the rear of the building open; that said door had been locked before he left; that a window was broken on the south side and its frame bent upward.

Defendant testified in his own defense and admitted that previously he had been convicted in four surrounding counties for breaking and entering.

The jury found Arnold not guilty but found defendant Wooten guilty, and from prison sentence imposed, defendant appealed.

*T. Wade Bruton, Attorney General, by Millard R. Rich, Jr., Assistant Attorney General for the State.*

*McCown & McCown by Wallace H. McCown, attorneys for dedendant appellant.*

BRITT, J. Defendant's first assignment of error is that the trial court erred in failing to grant his motion for judgment as of nonsuit.

On motion for nonsuit, we must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference fairly deducible therefrom. *State v. Mullinax,* 263 N.C. 512, 139 S.E. 2d 639.

The pertinent language of G.S. 14-54 is, "If any person, with intent to commit a felony or other infamous crime therein, shall break *or* enter . . . any storehouse, shop . . . or other building where any merchandise . . . or other personal property shall be . . . he shall be guilty of a felony." (Emphasis added.) The breaking of the station window, with the requisite intent to commit a felony therein, completes the offense even though the defendant is interrupted or otherwise abandons his purpose without actually entering the building. *State v. Burgess,* 1 N.C. App. 104, 160 S.E. 2d 110.

"If a person breaks or enters . . . with intent to commit the crime of larceny, he does so with intent to commit a felony, without reference to whether he is completely frustrated before he accomplishes his felonious intent. . . . (H)is criminal conduct is not determinable on the basis of the success of his felonious venture." *State v. Nichols,* 268 N.C. 152, 150 S.E. 2d 21, and cases cited therein.

We hold that defendant's motion for judgment as of nonsuit was properly overruled. The circumstances in this case make it a question for the jury. *State v. Burgess, supra.*

Defendant's remaining assignments of error relate to the trial

judge's charge to the jury. We have carefully reviewed the charge and find it to be free from prejudicial error.

The defendant had a fair trial. The judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.