STATE OF NORTH CAROLINA v. BOBBIE GENE THOMAS

No. 725SC448

(Filed 12 July 1972)

1. Criminal Law § 1— nature and elements of crime in general

   The proof of every crime consists of proof that the crime charged has been committed by someone and proof that the defendant is the perpetrator of the crime.

2. Criminal Law § 106— confession — sufficiency of evidence aliunde confession

   A naked extra-judicial confession of guilt by one accused of crime, uncorroborated by any other evidence, is not sufficient to sustain a conviction.

3. Criminal Law § 106— confession — sufficiency of evidence aliunde confession

   Where there was ample evidence outside defendant's confession that felonious breaking and entering and felonious larceny had been committed by someone, defendant's confession was sufficient to sustain the jury's finding that he was the perpetrator of the crimes charged.

APPEAL by defendant from *Copeland, Judge,* 7 February 1972 Session of Superior Court held in NEW HANOVER County.

Defendant pleaded not guilty to the charges contained in an indictment charging him with (1) felonious breaking and entering and (2) felonious larceny. The State presented evidence in substance as follows: The owner of Joe's Grill at Carolina Beach testified that when she opened her place of business on the morning of 11 December 1971 she discovered that $78.40 in money was missing from the drawer of the cash register, a bag of change was gone, the cigarette machine had been pried open and approximately $30.00 had been taken from it, and an electric portable organ was missing. Shortly prior to that time, defendant had been employed at the grill as a dishwasher. Both the front and back doors were locked when

the owner arrived, but she then learned for the first time that the back door would open when pressure was applied. Defendant's written and signed confession, given to the police on 19 December 1971, in which defendant admitted entering the building at night through the back door, opening the cigarette machine, and taking the money and organ, was admitted in evidence when the trial judge found as facts on a *voir dire* examination that the confession had been freely, voluntarily and intelligently made after the defendant had been fully advised of his rights and after he had signed a written waiver of counsel.

Defendant presented no evidence. The jury found him guilty on both counts. From judgments imposing prison sentences, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Lester V. Chalmers, Jr., for the State.*

*Charles E. Rice III for defendant appellant.*

PARKER, Judge.

Appellant's counsel concedes that the trial court's findings on *voir dire* were supported by competent evidence, and on this appeal he does not attack the admissibility of the confession. His sole contention is that there was insufficient evidence *aliunde* the confession to warrant submitting the case to the jury. In this contention we find no merit.

[1, 2] The proof of every crime consists of (1) proof that the crime charged has been committed by someone and (2) proof that the defendant is the perpetrator of the crime. The first element is the *corpus delicti;* the second is defendant's guilty participation therein. *State v. Macon,* 6 N.C. App. 245, 170 S.E. 2d 144. A naked extrajudicial confession of guilt by one accused of crime, uncorroborated by any other evidence, is not sufficient to sustain a conviction. There must be evidence apart from the confession tending to establish the fact that a crime of the character charged has been committed, *i.e.,* tending to establish the *corpus delicti. State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396; *State v. Bass,* 253 N.C. 318, 116 S.E. 2d 772; Comment Note, 45 A.L.R. 2d 1316. "This does not mean, however, that the evidence tending to establish the *corpus*

*delicti* must also identify the defendant as the one who committed the crime." *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773.

[3]   In the present case there was ample evidence apart from defendant's confession tending to establish that the offenses charged in the indictment had been committed by someone. Defendant's confession was sufficient to sustain the jury's finding that he was the perpetrator of the crimes charged. In the trial and judgments appealed from we find

No error.

Judges VAUGHN and GRAHAM concur.