STATE OF NORTH CAROLINA v. CHARLES L. JENSEN

No. 7512SC715

(Filed 4 February 1976)

1. **Homicide § 21— corpus delicti — defendant as perpetrator of crime — sufficiency of evidence**

The trial court properly denied defendant's motions for nonsuit in a murder prosecution where the evidence tended to show that skeletal remains which were positively identified as those of defendant's wife were found in a shallow grave in woods, defendant's 23 year old wife had previously suddenly disappeared at a time when she was in apparent good health, no announcement for any plans for departure was made by either defendant or his wife to their landlady or friends, deceased's clothing and personal effects were abandoned in their apartment, defendant went AWOL from his army post at approximately the same time that his wife disappeared, and his wife's

State v. Jensen

body was found buried in the manner and at a place as described by defendant in his statements to two friends.

2. **Homicide § 24— strangling in heat of passion — burden of proof — jury instructions**

That portion of the trial court's charge to the jury in which the court stated in effect that if the jury found beyond a reasonable doubt that defendant strangled his wife, to reduce the crime to voluntary manslaughter the defendant must satisfy the jury that there was no malice on his part but that in strangling his wife he acted in the heat of passion was not invalidated by *Mullaney v. Wilbur*, 421 U.S. 684, since that case is applicable to cases tried on or after 9 June 1975 and defendant was tried in March 1975.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 27 March 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 14 January 1976.

Defendant was indicted in June 1974 for the murder on or about 29 June 1973 of Karen Newman Jensen and was subsequently extradicted from the State of Utah to stand trial in this State. Defendant pled not guilty. The State presented evidence to show that on 7 June 1974 skeletal remains were unearthed from a shallow grave between two pine trees in a wooded area on a farm north of Spring Lake in Cumberland County. Examination of the remains by authorities established the identity of the deceased to be defendant's wife, Karen Newman Jensen. The State introduced testimony of defendant's landlord who described the unexpected departure of the Jensens around the end of June 1973 and her subsequent entry into the apartment formerly occupied by them where she found remaining personal effects of the couple, including various items of women's clothing but very few men's clothing. Defendant was entered as AWOL on Army records effective the third of July 1973.

Mark Stevens, a friend of defendant, testified concerning a conversation held with defendant in December 1973. Defendant told Stevens that he and his wife went on a picnic five or six miles north of Spring Lake, that they got into an argument, that he got mad and strangled her by the throat until she died, that he dug a hole about a foot and a half deep between two pine trees and buried her in the hole, and that he then returned home and left the area AWOL. Upon reading a newspaper article concerning the discovery of the body, Stevens related this conversation to the Fayetteville City police.

Diane Hoach. related a conversatioñ held with defendant in June 1974 in which he stated regarding his wife that "she did not·exist," that "he'd taken care of it," that "[n]obody would ever find her again or see her again," and that "he'd buried her in a shallow grave . . . in the county." Defendant told Mrs. Hoach that he accidentally shot his wife when he tried to get from her a shotgun with which she had threatened him after an argument.

Defendant testified that he last saw his wife the morning of 29 June 1973, that he searchd for her over that weekend, and that he departed for Kansas City on that Sunday. In December 1973 he called his army superior, reported himself AWOL, and was returned to the Fort Bragg stockade. Defendant denied being connected in any way with the death of his wife, denied ever making an admission to Mark Stevens that he strangled her, and could not remember any conversation with Diane Hoach concerning an incident with his wife.

After close of evidence for the State and defendant, the Court allowed defendant's motion for nonsuit as to first degree murder. The jury returned a verdict of guilty as to second degree murder. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General T. Buie Costen for the State.*

*McRae, McRae & Perry by James C. McRae for defendant appellant.*

PARKER, Judge.

Defendant assigns error to denial of his motions for nonsuit. He contends there was insufficient evidence *aliunde* his extrajudicial confessions to warrant submitting the case to the jury. We find no error.

The proof of every crime consists of (1) proof that the crime charged was committed by someone and (2) proof that defendant was the perpetrator of the crime. The first shows the *corpus delicti;* the second shows defendant's guilty participation therein. *State v. Thomas,* 15 N.C. App. 289, 189 S.E. 2d 765 (1972). A naked extrajudicial confession or admission of guilt by one accused of crime, uncorroborated by other evidence, is not sufficient to sustain a conviction. *State v. Jenerett,*

281 N.C. 81, 187 S.E. 2d 735 (1972); Annot., 45 A.L.R. 2d 1360 (1956). There must be evidence apart from the confession or admission *tending* to establish the fact that a crime of the character charged has been committed, i.e. *tending* to establish the *corpus delicti. State v. Thomas,* 241 N.C. 337, 85 S.E. 2d 300 (1955). *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396 (1961). "This does not mean, however, that the evidence tending to establish the *corpus delicti* must also identify the defendant as the one who committed the crime." *State v. Cope,* 240 N.C. 244, 247, 81 S.E. 2d 773, 776 (1954). Moreover, the corroborative evidence need not be direct, but may be circumstantial, 2 Stansbury's N. C. Evidence (Brandis Revision), § 182, and "[t]he rule does not require that the independent evidence of *corpus delicti* shall be so full and complete as to establish unaided the commission of a crime." *State v. Burgess,* 1 N.C. App. 104, 107, 160 S.E. 2d 110, 112 (1968). It will be sufficient if the circumstances shown by the corroborative evidence are such "as will, *when taken in connection with the confession,* establish the prisoner's guilt in the minds of the jury beyond a reasonable doubt." *State v. Whittemore, supra,* at p. 589; [For a history of the development of the rule in this State, see Note, 42 N.C.L. Rev. 219 (1963).] In a recent case Justice Branch, speaking for our Supreme Court, stated the rule to be now "well settled that if the State offers into evidence sufficient extrinsic corroborative circumstances as will, when taken in connection with an accused's confession, show that the crime was committed and that the accused was the perpetrator, the case should be submitted to the jury," *State v. Thompson,* 287 N.C. 303, 324, 214 S.E. 2d 742, 755 (1975).

[1] Applying the foregoing principles and viewing the corroborative evidence in the presence case in the light most favorable to the State, we find it sufficient, when taken in connection with defendant's extrajudicial confessions, to require submission of the case to the jury. The *corpus delicti* in criminal homicide involves two elements: (1) The fact of the death. (2) The existence of the criminal agency of another as the cause of death. *State v. Johnson,* 138 S.E. 19, 193 N.C. 701 (1927). Here, the finding of skeletal remains which were positively identified as those of defendant's wife clearly established the fact of her death. All of the circumstances shown by the evidence support a reasonable inference of the existence of the criminal agency of another as the cause of death. The body of one who dies from natural causes, accident, or suicide, is not

normally disposed of by burial in an unmarked, shallow grave, in a remote wooded area of a farm. The circumstances that defendant's 23-year-old wife suddenly disappeared at a time when she was in apparent good health, that no announcement for any plans for departure was made either by defendant or his wife to their landlady or friends, that her clothing and personal effects were abandoned in their apartment, that defendant went AWOL from his army post at approximately the same time that his wife disappeared, that his wife's body was found buried in the manner and at a place as described by defendant in his statements to Stevens and Hoach, furnish strong corroborative support for his confessions. It is not essential, as defendant contends, that the State's evidence *aliunde* his confession establish the exact cause of death. Indeed, "[t]o meet the foundational test the prosecution need not eliminate all inferences tending to show a non-criminal cause of death. Rather, a foundation may be laid by the introduction of evidence which creates a reasonable inference that the death could have been caused by a criminal agency . . . even in the presence of an equally plausible non-criminal explanation of the event." *State v. Hamilton* and *State v. Beasley,* 1 N.C. App. 99, 102, 160 S.E. 2d 79, 81 (1968). We hold the State's evidence here *aliunde* defendant's incriminating admissions, when taken in connection with his admissions, sufficient to warrant submission of the case to the jury. Defendant's motions for nonsuit were properly denied.

[2] Citing *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), the defendant contends that the court erred in that portion of its charge to the jury in which the court stated in effect that if the jury found beyond a reasonable doubt that defendant strangled his wife, to reduce the crime to voluntary manslaughter the defendant must satisfy the jury that there was no malice on his part but that in strangling his wife he acted in the heat of passion. The instruction given conforms to the law in effect in this State prior to the *Mullaney* decision, which was decided 9 June 1975. In *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975), decided 17 December 1975, our Supreme Court declined to give *Mullaney* retroactive effect. Trial of the present case took place in March 1975, prior to the decision in *Mullaney.* On the authority of *State v. Hankerson, supra,* we do not apply the principles announced in *Mullaney* to the present case, and defendant's assignment of error based upon *Mullaney* is overruled.

Defendant also assigns error to certain other portions of the court's charge to the jury. We have carefully considered all of defendant's contentions in this regard. However, considering those portions of the charge to which exception is taken contextually and considering the charge as a whole, we find no prejudicial error. Defendant has had a fair trial. In the trial and in the judgment appealed from we find

No error.

Judges HEDRICK and ARNOLD concur.