STATE OF NORTH CAROLINA v. JACK R. KRAUS

No. 7612SC573

(Filed 5 January 1977)

**Crime Against Nature § 2— defendant's confession — no other evidence of crime — nonsuit proper**

> The trial court in a prosecution for crime against nature erred in overruling defendant's motion for nonsuit where there was no evidence outside defendant's confession which had any probative value in establishing the fact that the crime charged was committed.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 18 February 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 November 1976.

Defendant pled not guilty to the charge of crime against nature with Leroy Teddy Barfield.

Prior to trial the defendant made a motion to suppress the evidence of a confession made by the defendant to J. M. Hall and F. S. Vlasak, officers of the Fayetteville Police Department. After hearing the testimony of the named officers and the defendant at *voir dire,* the court made findings of fact, concluded that the confession was freely and voluntarily made, and denied the motion to suppress. Defendant admits in his brief that he can find no error in this ruling. We treat this assignment of error as abandoned.

At trial the State offered in evidence the confession made by defendant to police officers Hall and Vlasak, and also the testimony of Gracie Barfield, mother of Leroy Teddy Barfield. This evidence is recited in the opinion. Defendant's motion for nonsuit was denied. The defendant offered no evidence.

Defendant was found guilty as charged and from judgment imposing suspended term of imprisonment, defendant appeals.

*Attorney General Edmisten by Associate Attorney James E. Scarbrough for the State.*

*Assistant Public Defender John A. Decker for defendant appellant.*

State v. Kraus

CLARK, Judge.

The appeal presents the question of whether there is evidence of extrinsic corroborative circumstances, apart from the extrajudicial confession, which has some probative value in establishing the fact that the crime against nature was committed.

In his confession to the police officers, defendant stated that he took Teddy Barfield to his apartment about 2:30 a.m. on 1 June 1976; that they drank some beer; that Teddy initiated sexual contact and asked defendant to perform fellatio; that defendant did as requested; and that they lay together naked and "hunched on each other."

To sustain a conviction in any criminal case, the prosecution must prove (1) that the crime charged was committed and (2) that the defendant was the perpetrator of the crime. *State v. Thomas,* 15 N.C. App. 289, 189 S.E. 2d 765 (1972).

A naked extrajudicial confession, uncorroborated by any other evidence, is not sufficient to sustain the conviction of a defendant charged with the commission of a felony. *State v. Thompson,* 287 N.C. 303, 214 S.E. 2d 742 (1975) ; *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773 (1954). There must be evidence *aliunde* the confession which has some probative value in establishing the fact that the crime charged was committed. *State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735 (1972) ; *State v. Bass,* 253 N.C. 318, 116 S.E. 2d 772 (1960) ; *State v. Jensen,* 28 N.C. App. 436, 221 S.E. 2d 717 (1976) ; 30 Am. Jur. 2d Evidence § 1137 (1967). If the State offers into evidence sufficient extrinsic corroborative circumstances as will, when taken in connection with a confession, show that the crime was committed and that the accused was the perpetrator, the case should be submitted to the jury. *State v. Thompson, supra; State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396 (1961).

The overwhelming authority in this country, including the Supreme Court of the United States, supports the rule that an uncorroborated extrajudicial confession is insufficient to sustain a conviction. *Smith v. United States,* 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954) ; 30 Am. Jur. 2d Evidence § 1136 (1967) ; Annot., 127 A.L.R. 1131 (1940) ; Annot., 45 A.L.R. 2d 1316 (1956). The rule has particular importance in prosecutions for sexual offenses. *State v. Cope, supra.* In *Cope* the

defendant was charged with (1) incest, (2) crime against nature, and (3) rape. The State offered evidence of defendant's confessions to arresting officers and to the jailer that he had committed incest and a crime against nature. Defendant denied committing the crimes and repudiated the confessions. The alleged victims also repudiated earlier statements implicating the defendant. It was held that defendant's motion for judgment of nonsuit should have been sustained on the ground that there was no evidence *aliunde* the extrajudicial confession that had probative value in establishing the fact that the crimes charged had been committed.

*State v. Whittemore, supra,* relied on by the State, is distinguishable. In that case the codefendants were charged with crime against nature and carnal knowledge of a virtuous female between age 12 and 16. One defendant made an extrajudicial confession. His victim testified that this defendant put his hands and mouth on her privates and rubbed his penis on her privates. The court stated that this testimony, though it failed to establish penetration, was sufficient in connection with the confession to establish the fact that the crimes had been committed and to support the convictions. The extrinsic evidence clearly had some probative value in establishing the fact that the crime had been committed.

In the case before us the only evidence which in any way tended to corroborate defendant's confession was the testimony of Teddy Barfield's mother that defendant left her home with her son about 2:30 a.m., and the testimony of Policeman Hall that on the day of the alleged crime Teddy Barfield showed him the house to which he and defendant had allegedly gone and that defendant answered the door when the officer knocked. This extrinsic evidence has no probative value in establishing any of the elements of the crime charged. We find that this evidence, when considered apart from the extrajudicial confession, does not have any probative value in establishing the fact that the crime charged was committed. The trial court erred in overruling defendant's motion for nonsuit.

The judgment of the trial court is

Reversed and the case is dismissed.

Judges MORRIS and ARNOLD concur.