STATE OF NORTH CAROLINA v. WILLIE C. AVERY

No. 806SC264

(Filed 16 September 1980)

1. **Burglary and Unlawful Breakings § 5.6– breaking or entering with intent to commit larceny — larceny thwarted — sufficiency of evidence of intent**

   In a prosecution for felonious breaking or entering with intent to commit larceny, evidence of defendant's intent to steal from a store was sufficient to be submitted to the jury, though defendant's attempt to enter the store was thwarted when the owner shot him, where such evidence tended to show that defendant or someone acting in concert with him had been in the store earlier in the day and secretly turned off the switch which would have allowed the outside light at the front of the store to come on at dark; the store had been open during its regular business hours that day and obviously contained some merchandise; late at night and hours after they knew the store had closed, defendant and his companion kept the store under surveillance for over an hour; after satisfying themselves that their intended intrusion would go unobserved, they approached the store; and defendant obtained a pair of pliers and managed to break open the storm door of the store before he was interrupted.

2. **Burglary and Unlawful Breakings § 6.2– intent — instructions proper**

   In a prosecution for felonious breaking or entering with intent to commit larceny, there was no merit to defendant's contention that the trial court's instruction explaining intent was not legally sufficient because from it the jury could have inferred the intent to commit larceny solely from proof of the misdemeanor breaking and entering.

3. **Criminal Law § 118.4– instruction on contentions — necessity for objections**

   Defendant failed to show that the trial judge committed prejudicial error in misstating his contentions to the jury, since it appeared from the record that the contentions were stated favorably to defendant, and no objections were made to the contentions at trial.

APPEAL by defendant from *Small, Judge.* Judgment entered 31 October 1979 in Superior Court, BERTIE County. Heard in the Court of Appeals 27 August 1980.

Defendant was tried upon an indictment for felonious breaking or entering with the intent to commit larceny in violation of G.S. 14-54(a).

The State's evidence tends to show the following. George W. Lee owns and operates a light combination grocery store and service station near Lewiston. The store is located in front of Mr. Lee's home. On Friday, 21 June 1979, Lee, as was his custom, locked up the store between 6:00 and 7:00 p.m. in the evening and returned to his house. About 9:00 that same night, he noticed that the automatic lights over the gas pump were not on. He returned to the store to check the lights and discovered that someone had turned the switch that would have allowed the lights to come on at dark. The switch was hidden behind a board or latch located inside the store, but someone had moved the board aside. He turned the switch, but the lights still did not come on. He went home for awhile and later returned to the store armed with a .22 revolver. He waited there in the dark to see if anything were going to happen. Between 11:00 p.m. and midnight, he watched the same car go back and forth on the road in front of the store. It also went in and out the driveway beside the store which also led to some other houses. Things quieted down, and Lee had started to leave when, about 1:00 a.m., he saw defendant, who was known to him, coming toward the store. He also saw another person but could not recognize him. Defendant shook the aluminum storm door at the front and then went over to the side of the store. He returned with something in his hand and prized the storm door open. He then began shaking the wooden inner door. At that point, before defendant gained entry, Lee stood up from his hiding place in the store and fired his revolver through a glass pane on the wooden door. Defendant immediately fell to the ground, and Lee went home and called the police.

A deputy from the sheriff's department arrived and observed defendant lying on his back with blood and dirt on his forehead. A pair of vise-grip pliers was found in defendant's back pocket.

Defendant was found guilty as charged, and judgment imposing an active sentence was entered.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*Gillam, Gillam and Smith, by Lloyd C. Smith, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first contends that it was error for the trial court to deny the motions for nonsuit or dismissal. We do not agree. There was sufficient evidence to take the case to the jury.

On a motion for nonsuit or dismissal, the court must determine whether there is substantial evidence of all the material elements of the offense charged. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956); *State v. Smith* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). In other words, there must be sufficient evidence to support a finding that the crime charged was committed and that the defendant committed it. *State v. Hill*, 294 N.C. 320, 240 S.E. 2d 794 (1978). Finally, in making this determination, the court considers all the evidence, direct and circumstantial, in the light most favorable to the State and makes every reasonable inference in its favor. *State v. Bruton*, 264 N.C. 488, 142 S.E. 2d 169 (1965); *State v. Thompson*, 256 N.C. 593, 124 S.E. 2d 728 (1962).

Defendant admits that he broke open the outer storm door of the store. Yet he strongly contends that nonsuit should have been granted on the felony charge because there was insufficient evidence on the element of intent to steal. It was incumbent upon the State to establish that the defendant intended to steal something upon breaking or entering the store. *State v. Crawford*, 3 N.C. App. 337, 164 S.E. 2d 625, *cert. denied*, 275 N.C. 138 (1969). Defendant argues that since he never entered the store, the breaking only raised a suspicion that he intended to steal merchandise and that the breaking was equally consistent with an intent to commit vandalism, arson, or merely spending the night in the store. The argument is without merit.

The evidence is sufficient to permit the jury to find the following. Defendant or someone acting in concert with him had been in the grocery store earlier in the day and secretly turned off the switch that would have allowed the outside light at the front of the store to come on at dark. The store had been open during its regular business hours that day and obviously contained some merchandise. Late at night and hours after they knew the store had closed, defendant and his companion kept the store under surveillance for over an hour. After satisfying themselves that their intended intrusion would go unobserved, they approached the store. Defendant obtained a pair of pliers and managed to break open the storm door before he was interrupted. That this evidence would permit the jury to infer that his attempted entry was with the intent to steal something from the store is so clear that further discussion hardly seems necessary. It is true that defendant was shot before he gained entry, and as Mr. Lee admitted on cross-examination, "other than the bullet that left my gun that night, no one took anything out of [his] store."

The frustration of defendant's felonious efforts, however, does not reduce the degree of his crime. *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165 (1966). The violation of G.S. 14-54(a) was complete when he broke open the door with the obvious intention to enter and take something from the store. *State v. Nichols,* 268 N.C. 152, 150 S.E. 2d 21 (1966). See also, for example, *State v. Wooten,* 1 N.C. App. 240, 161 S.E. 2d 59 (1968), where a codefendant's efforts to break into a service station were frustrated, the station was not entered, and nothing was taken. Defendant was chased from the scene and found hiding behind a bush 600 yards away from the station. The court held that defendant's motion for nonsuit was properly overruled. See also *State v. Alexander,* 18 N.C. App. 460, 462, 197 S.E. 2d 272, 273-74 (1973), where the Court quoted the familiar principle:

As stated in *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970): " '... Numerous cases, however, hold that an unexplained breaking and entering into a dwelling house in the nighttime is in itself sufficient to sustain a verdict that the breaking and entering was done with the intent to commit larceny rather than some other

felony. The fundamental theory, in the absence of evidence of other intent or explanation for breaking and entering, is that the usual object or purpose of burglarizing a dwelling house at night is theft.' "

[2] Defendant next contends that the trial court's instruction explaining intent was not legally sufficient because from it the jury could have inferred the intent to commit larceny solely from proof of the misdemeanor breaking and entering. This contention has no merit. G.S. 15A-1232 requires the judge in his charge to declare and explain the law arising on the evidence. The instructions given conform to the traditional definition of intent given in this State. *State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506 (1974); *State v. Bronson,* 10 N.C. App. 638, 179 S.E. 2d 823 (1971). Specifically, the instruction on intent is essentially the same as the one recently approved in *State v. Simpson,* 299 N.C. 377, 382-83, 261 S.E. 2d 661, 664 (1980).

[3] Finally, defendant argues that the trial judge committed prejudicial error by misstating his contentions to the jury. Appellate counsel did not represent defendant at trial, and we do not know what trial counsel contended in his argument to the jury. Even if we could assume that the judge did misstate defendant's contentions, it appears from the record that they were stated favorably to defendant and should not be cause for complaint. We note further that no exceptions were preserved for appellate review because no objections were made at trial. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970). An objection to the contentions should be made at trial to afford the trial court the opportunity to correct any possible errors before the jury retires. *State v. Hewett,* 295 N.C. 640, 247 S.E. 2d 886 (1978); *State v. Robinson,* 40 N.C. App. 514, 253 S.E. 2d 311 (1979). This assignment of error, consequently, fails to disclose prejudicial error.

No error.

Judges MARTIN (Robert M.) and WEBB concur.