STATE OF NORTH CAROLINA v. LEDELL MEMPHIS HUDSON

No. 8113SC507

(Filed 3 November 1981)

**1. Homicide § 21.7— second degree murder—sufficiency of evidence**

The State's evidence was sufficient for the jury on the issue of defendant's guilt of second degree murder where it tended to show that defendant obtained a rifle, told a neighbor he was going to kill someone, went to

the victim's home, called out the victim's name, walked back toward the victim's bedroom, and intentionally shot the victim in the back of the head while he was sleeping.

**2. Homicide § 30.3— second degree murder case—failure to instruct on involuntary manslaughter**

The trial court in a second degree murder case did not err in failing to instruct the jury on involuntary manslaughter where all the evidence showed that ·defendant intentionally discharged his rifle and thereby killed the victim.

**3. Criminal Law § 114.3— instruction on duties of district attorney and defense counsel—no expression of opinion**

The trial court did not express an opinion on the evidence in violation of G.S. 15A-1222 in instructing the jury that the district attorney has the responsibility of prosecuting cases and defense counsel have the responsibility of defending the defendant in the specific cases.

**4. Criminal Law § 111.1— responsibility of each juror to participate—instruction not erroneous**

The trial court's instruction that "There is a responsibility on each juror to participate in the verdict reached by the jury" could not have misled the jury into believing that a juror must conform his decision to that of the majority.

**5. Criminal Law § 113.9— misstatements of facts—necessity for objection at trial**

The trial court's misstatements of certain facts were not prejudicial where defendant failed to call them to the attention of the court in time to correct them and it does not appear that the jury could have been misled thereby.

APPEAL by defendant from *Lane, Judge.* Judgment entered 20 January 1981 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 22 October 1981.

Defendant was indicted for murder in violation of G.S. 14-17.

The State's evidence tends to show the following. On the night of 6 June 1980, Barney Lee Blanks and his wife, Jettie Mae, attended a party at the home of defendant, Mrs. Blanks' brother. At some point in the evening, Mrs. Blanks told her husband not to let defendant drive their truck because he was drunk. When the Blanks left the party between 10:30 and 11:00 p.m., defendant cursed at Mrs. Blanks and kicked her car. Mr. and Mrs. Blanks drove from defendant's house to their home. Mr. Blanks went to sleep shortly thereafter.

Between 11:30 and 12:00 p.m., defendant stopped by the home of Zannie Hall, his brother-in-law. Defendant was intoxicated, had a rifle, and asked Mr. Hall for some bullets. When Mr. Hall

replied that he did not have any, defendant said he was going to kill someone and left. Mr. Hall's house is located approximately 150 feet from the Blanks' home.

Around midnight, defendant came to the Blanks' home and asked the Blanks' daughter where her mother was. She replied "back in her room," and defendant headed in that direction. The daughter noticed he had a gun.

Jettie Mae Blanks was in the bathroom. She recognized defendant's voice and heard him come down the hall. He called out her husband's name twice. Then Mrs. Blanks heard a gunshot. When she entered the bedroom, she saw her husband on the bed with blood coming from his neck. She did not see the defendant who had left, carrying the gun. Barney Lee Blanks died from a bullet which passed from the back of his head through his brain.

Police received a call about the killing and arrested defendant around 1:00 a.m. on 7 June 1980. He was asleep at his father's house with an unloaded .22 calibre rifle in his right hand. The casing found in the Blanks' bedroom came from that rifle.

Defendant presented evidence that he was not involved in an altercation with the Blanks at his party. He was intoxicated and left the party with a friend. Defendant remembered climbing through a bedroom window at his father's house and removing his father's .22 calibre rifle. He did not, however, remember why he used the window or why he got the rifle. Defendant did not own any ammunition for a .22 calibre weapon. He did not remember going to Zannie Hall's home. Although he remembered going to the victim's house, he did not remember what happened. Defendant stated he loved Barney Blanks and did not shoot him.

At the close of the evidence, the court charged the jury on the elements of second degree murder and voluntary manslaughter. The jury convicted defendant of second degree murder.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*T. Craig Wright and Sankey W. Robinson, for defendant appellant.*

VAUGHN, Judge.

Defendant first contends it was error for the trial court to deny his motions for nonsuit and dismissal of the charge of second degree murder. We do not agree.

On a motion for nonsuit, the court must determine whether there is substantial evidence of each material element of the offense charged. Evidence is to be considered in the light most favorable to the State. *State v. Avery*, 48 N.C. App. 675, 269 S.E. 2d 708 (1980). We conclude that in the present cause there was sufficient evidence for the court to charge the jury on second degree murder.

Murder in the second degree is the unlawful killing of a human being with malice, but without premeditation and deliberation. *State v. Jenkins*, 300 N.C. 578, 268 S.E. 2d 458 (1980). Malice is implied in law from the intentional firing of a deadly weapon which results in death. *State v. Currie*, 7 N.C. App. 439, 173 S.E. 2d 49 (1970).

[1] In the present cause, there is evidence of an unlawful and malicious killing. Drawing all reasonable inferences in favor of the State, there is evidence that defendant obtained a rifle, stated to Zannie Hall that he was going to kill someone, went to Barney Lee Blanks' home, called out Mr. Blanks' name, walked back toward the bedroom, and intentionally shot Mr. Blanks in the back of the head while he was sleeping. Defendant argues that there can be no presumption of malice if he did not know the gun was loaded. *State v. Currie, supra.* Defendant, however, never testified that he fired the gun believing it to be unloaded.

[2] The remainder of defendant's assignments of error are addressed to the court's charge to the jury. Defendant first argues the court erred in refusing to instruct the jury on involuntary manslaughter. Where there is some evidence of defendant's guilt of a lesser degree of the crime charged in the indictment, the court must submit the defendant's guilt of the lesser included offense to the jury. *State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969); *State v. Williams*, 51 N.C. App. 397, 276 S.E. 2d 715 (1981). Involuntary manslaughter is the unlawful killing of a person, without malice, without premeditation and deliberation, and without the intent to kill or inflict serious bodily injury. *State v.*

*Wrenn,* 279 N.C. 676, 185 S.E. 2d 129 (1971). It is a lesser included offense of murder, requiring recklessness rather than intent.

In this cause, however, the evidence does not support a lesser verdict of involuntary manslaughter. There is no evidence of a scuffle during which the rifle accidentally discharged. Neither is there evidence that defendant was joking around when the rifle fired. *State v. Currie, supra.* Defendant admits climbing through his father's window to obtain a rifle. He admits entering the Blanks' bedroom with it. He testified that the rifle cannot be fired unless one first cocks the rifle, puts a shell in it, closes the bolt, and pulls back on the pin. When all the evidence shows that defendant *intentionally* discharged his rifle, killing Barney Lee Blanks, defendant was not entitled to a jury instruction on involuntary manslaughter.

[3] Defendant next objects to the judge's statements that "Under our system of law, there are specific duties outlined. The District Attorney has the responsibility of prosecuting cases. Defense counsel have the responsibility of defending the defendant in the specific cases." Defendant contends that the statements are an improper expression of opinion. G.S. 15A-1222.

A court's instructions should aid the jury in its understanding of the legal system and the responsibility before it. The above comments indicate the roles attorneys play in a criminal prosecution. They are not improper expressions of opinion as to the merits of either party's case. Defendant's exception is overruled.

[4] Defendant also objects to the statement "There is a responsibility on each juror to participate in the verdict reached by the jury." Defendant's argument that a juror could infer he must conform his decision to that of the majority is patently without merit. In fact, the judge further charged that each juror had the responsibility to stand by his convictions.

[5] In recounting the evidence, the court made some misstatements. It stated the defendant had a .22 calibre pistol rather than a .22 calibre rifle. It identified the pathologist as Dr. Blanks rather than Dr. Marvin Thompson. It referred to Officer Dudley of the Columbus County Sheriff's Department as Mr. Hudson. None of the statements, however, was a material misstatement of the facts. *Lapsus linguae* are not prejudicial if the defend-

ant fails to call them to the attention of the judge in time to correct them and if it does not appear that the jury could have been misled. *State v. Rudolph*, 39 N.C. App. 293, 250 S.E. 2d 318, *cert. denied*, 297 N.C. 179, 254 S.E. 2d 40 (1979).

Defendant's argument as to the length of the court's review of the evidence is without merit. The court spent more time recounting the State's evidence than it did recounting defendant's simply because the State offered more witnesses.

Defendant excepts to the court's definitions of second degree murder and voluntary manslaughter, and to its relation of the facts to the elements of those offenses. We conclude the court properly defined second degree murder as the unlawful killing of a human being with malice and adequately instructed the jury on the essential features of the case. If defendant desired more elaboration, he should have requested further instruction. *State v. Everette*, 284 N.C. 81, 199 S.E. 2d 462 (1973).

We conclude the court also properly defined voluntary manslaughter as the unlawful killing of a human being without malice and without premeditation and deliberation. Defendant argues the court should not have limited the definition of lack of malice to heat of passion or adequate provocation. Defendant, however, presents no evidence of self-defense which would demand an instruction on imperfect self-defense. Defendant also fails to show that the court inadequately related the facts of the case to the charge.

Finally, defendant argues that the court improperly instructed the jury as to the circumstances under which they could find him not guilty. We do not find the instruction misleading.

No error.

Judges HILL and WHICHARD concur.