STATE v. J. D. McLEAN.

(Filed 11 December, 1935.)

**1. Criminal Law I f—**

It is not error for the court to consolidate for trial three indictments each charging defendant with embezzlement from his employer on separate specified dates. C. S., 4622.

**2. Criminal Law I j—**

On a motion to nonsuit the court is required to ascertain only if there be any competent evidence sufficient to go to the jury, the weight of the evidence being for the jury.

**3. Embezzlement A b—Fraudulent intent is essential element of embezzlement.**

Fraudulent intent is a necessary element of the statutory offense of embezzlement, C. S., 4268, and the State must prove such intent beyond a reasonable doubt, but direct proof is not necessary, it being sufficient if facts and circumstances are shown from which it may be reasonably inferred.

**4. Same: Embezzlement B c—Evidence of fraudulent intent held sufficient in this prosecution for embezzlement.**

Fraudulent intent within the meaning of the statute defining embezzlement is the intent to willfully or corruptly use or misapply the property of another for purposes other than that for which it is held, and evidence tending to show that defendant, without authorization, applied funds of his employer to his own use, although defendant testified that he used the funds to pay a debt due him by his employer, is sufficient to be submitted to the jury on the question of fraudulent intent.

**5. Embezzlement B c—Exclusion of testimony of defendant that prosecuting witness obtain value for money appropriated held not error.**

An exception to the refusal of the court to permit the defendant, on trial for embezzlement, to testify that the prosecuting witness obtained full value for the money appropriated by defendant will not be sustained when it appears that defendant testified as to every fact relative to the transaction, the testimony sought to be introduced by defendant being of a conclusion from such facts.

STATE *v.* McLEAN.

**6. Criminal Law I g—**

Exceptions to the statement of the contentions of the parties will not be sustained when the objections are not brought to the attention of the trial court in apt time.

APPEAL by defendant from *Shaw, Emergency Judge,* at August Special Term, 1935, of MOORE. No error.

The grand jury returned three bills of indictment charging defendant with the embezzlement of certain sums from the Central Carolina Oil Company, Inc., on three different occasions.

It was admitted that at the time alleged defendant was the secretary-treasurer of the oil company, a corporation, and that on 13 March, 1931, he drew a check on the company's fund in the sum of $2,000 in favor of Page Trust Company, and that on 6 May, 1931, he drew a check on the company's fund in the sum of $1,000, payable to Bank of Pinehurst, and on 1 April, 1931, he drew a check on the company's fund in the sum of $1,717, in favor of United Bank and Trust Company. It was also in evidence that the $1,000 and the $1,717 checks were used to pay a note on which defendant and another were liable.

The State offered evidence tending to show defendant admitted he had applied the funds represented by these checks to his own use.

At the close of State's evidence motion for nonsuit as to the bill or count with respect to the $2,000 check was sustained.

Defendant testified in substance that the $1,000 and the $1,717 checks were issued by him and applied as credits on his own debts for the reason that the oil company owed him $2,900, and he used the money to pay himself. He also admitted that he applied the $2,000 check on the note he and one McLauchlin had signed, payable to the Page Trust Company, and that he did it to pay McLauchlin's half of the note.

There was a general verdict of guilty, and from judgment thereon defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*W. R. Clegg for defendant.*

DEVIN, J. The defendant excepted to the order consolidating for trial the three bills of indictment. In this ruling there was no error. C. S., 4622, authorizes the consolidation of two or more bills "when there are several charges against any person . . . for two or more acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses." *State v. Brown,* 182 N. C., 761; *State v. Rice,* 202 N. C., 411.

Defendant's exception to the denial of his motion for judgment of nonsuit cannot be sustained. There was evidence sufficient to be submitted to the jury. In the language of *Davis, J.,* in *State v. Fain,* 106 N. C., 760: "If there was any evidence reasonably sufficient to go to the jury, its weight is a question with which this Court has nothing to do."

Embezzlement was not a common law offense. The acts constituting the offense are set forth in the statute, C. S., 4268. It has been defined by this Court as "the fraudulent conversion of property by one who has lawfully acquired possession of it for the use and benefit of the owner." *State v. McDonald,* 133 N. C., 681. One of the necessary elements of the offense is the fraudulent intent. The fraudulent intent within the meaning of the statute is the intent to "embezzle or otherwise willfully and corruptly use or misapply the property of another for purposes other than that for which they are held." *State v. Lancaster,* 202 N. C., 204. And since the criminality of the act depends upon the intent, it is incumbent on the State to show the intent to defraud beyond a reasonable doubt. *State v. Morgan,* 136 N. C., 628. Such intent may be shown by direct evidence, or by evidence of facts and circumstances from which it may reasonably be inferred. *State v. Lancaster,* 202 N. C., 204; *State v. Rawls,* 202 N. C., 397; 20 C. J., 487.

We find no error in the refusal of the court below to permit the defendant to answer the question "whether or not the Central Carolina Oil Company, Inc., got value received for every dollar represented for that check." The evidence discloses that the defendant was permitted to and did testify fully as to all the facts of the transaction, and the question propounded is rather a conclusion than a statement of fact.

The other exceptions to the evidence are without merit.

Defendant made exceptions to the charge of the court for failure to charge as to the element of fraudulent intent, but upon an examination of the charge of the able and careful judge, we find that this was sufficiently called to the attention of the jury.

The other exceptions to the charge were to statements of contentions of the State and defendant, and these not having been called to the attention of the court at the time, are not now available to the defendant.

Upon a careful examination of the record, we find no reversible error in the trial.

No error.