MARJORIE KALE v. FRED DAUGHERTY AND JOHN PARNELL

No. 6926SC233

(Filed 24 June 1970)

1. **Evidence § 26;   Boating—   admissibility of exhibit — identification of exhibit**

    In the plaintiff's action to recover for personal injuries sustained by her when gasoline from a defective fuel line caught fire in a motorboat owned and operated respectively by the defendants, the trial court properly excluded from evidence a plate bearing the words, "Caution — Operate Blower At Least Five Minutes Before Starting Engine," the plaintiff contending that the plate or one similar to it was beside the ventilator button on the boat, where there was no testimony on the trial that the proffered exhibit, or a plate similar to it, had been in fact attached to the boat.

2. **Boating;     Negligence § 37—     boating accident — gasoline fire — personal injury — instructions on negligence of owner**

    In plaintiff's action to recover damages for personal injuries sustained by her when gasoline from a defective fuel line caught fire in a motorboat owned and operated respectively by the defendants, plaintiff was not

prejudiced by the trial court's instruction to the jury that the defendant owner "had no duty to the plaintiff in this case to repair the boat," where the plaintiff had alleged negligence by the owner, not in failing to make repairs, but in the manner in which he attempted to make the repairs, and where the trial court correctly instructed the jury on this aspect of negligence raised by the allegations.

**3. Boating;     Negligence § 37—     boating accident — gasoline fire — instructions on negligence of operator**

In plaintiff's action to recover damages for personal injuries sustained by her when gasoline from a defective fuel line caught fire in a motor-boat owned and operated by the defendants, plaintiff may not contend on appeal that the trial court placed an undue burden on her by instructing the jury that they should find the operator negligent only if he knew or in the exercise of ordinary prudence under the circumstances should have known that the boat was in defective condition at the time he attempted to start the motor, where the challenged instruction was in conformity with plaintiff's own theory that a person of ordinary prudence, who either knew or in the exercise of reasonable care should have known of the possibility of leaking gasoline from the defective fuel line, would not have attempted to start the motor without first activating the engine ventilation fan or lifting the motor hood.

**4. Negligence § 1—    unavoidable accident**

An unavoidable accident, as understood in the law of torts, can occur only in the absence of causal negligence.

**5. Negligence § 37—    instructions on unavoidable accident**

Proper instructions on negligence, burden of proof, and proximate cause will usually render unnecessary an additional instruction on unavoidable accident.

**6. Boating;     Negligence § 37—    boating accident — instructions on unavoidable accident**

In an action for injuries arising out of motorboat fire, the trial court did not err in instructing the jury that they should answer the issue of negligence in favor of defendants if they found there was an "unavoidable accident," where the aspect of "unavoidable accident" was not unduly emphasized by the court but served only to call the jury's attention to the fact that they were under no necessity, under the facts of the case, to find that someone was at fault.

APPEAL by plaintiff from *Ervin, J.,* 14 October 1968 Schedule "B" Civil Session of MECKLENBURG Superior Court.

This is a civil action in which plaintiff seeks to recover damages for personal injuries sustained by her when gasoline caught fire in the motor compartment of a boat owned by defendant Daugherty and operated by defendant Parnell in which plaintiff was riding as a passenger. Plaintiff alleged defendant Daugherty was negligent in that:

"(a)   He knew or should have known that the boat and motor was defective and dangerous as a result of the leaking gas line and he failed to warn the plaintiff of such danger;

"(b)   He attempted to repair the leaking gas line and negligently repaired it so that gasoline fumes would accumulate under the hood surrounding the engine and ignite when there was a spark in the engine compartment."

Plaintiff alleged defendant Parnell was negligent in that:

"(a)   He knew or should have known that the boat and motor were in a defective condition and that gasoline could or might leak from the defective fuel line and accumulate under the hood covering the engine. Nevertheless, he attempted to start the engine without ventilating the engine compartment, thereby causing the fumes to ignite;

"(b)   He failed to warn the plaintiff of the danger of the gasoline fumes igniting and burning her."

Plaintiff alleged that she was severely burned as a "proximate result of the defendants' joint and concurrent negligence as aforesaid."

Defendants answered, denying negligence.

Evidence at the trial tended to show: Daugherty was the owner of a sixteen-foot Aristocraft inboard-outboard motorboat equipped with a 110 hp. four cylinder converted Chevrolet Mercruiser engine located at the rear of the boat. The engine was covered by a fiber glass hood. For ventilation of the motor, the boat was equipped with air scoops which forced air through the engine compartment when the boat was moving. In addition, the boat was equipped with a blower or fan which could be activated by a button on the dashboard and which could be used to ventilate the engine compartment. The engine was started by means of a button at the dashboard.

On the day prior to plaintiff's injury, Daugherty brought the boat from his home in Gastonia and placed it in Lake Wylie. He had difficulty starting the motor, and on lifting the hood of the engine saw that gasoline had leaked from a small crack not more than a quarter of an inch in length in the plastic fuel line where the line was connected to the fuel pump. He pulled the line from the metal nipple over which it was fastened and cut off the cracked portion of the line. He then reattached the line over the nipple and clamped it. There was evidence indicating this was done a second time on the same day.

On the following day plaintiff went with Mark Conrad Knoop to

Lake Wylie, where Knoop had been invited by defendant Daugherty to go water skiing with Daugherty's boat. During the day trouble was again experienced with the boat, and defendants Daugherty and Parnell, together with Knoop, took the boat out to look for the trouble. Daugherty raised the hood and found that a little hairline crack had again formed in the fuel line next to the nipple. He again went through the same procedure of cutting and reattaching the line. Gasoline in the boat was then flushed out with water and wiped up with a rag, after which the boat was driven at high speed with the hood raised while Daugherty watched the line to see if it was going to crack. The boat was run in this fashion for approximately twenty minutes. The line did not leak and did not form a crack and was pliable. The boat then returned to the pier and Daugherty went ashore.

Defendant Parnell then took the boat out again for the purpose of pulling a skier. Plaintiff and others were passengers in the boat, plaintiff riding in the rear next to the engine. The skier had difficulty getting up out of the water, and a number of starts and stops were made. When the skier finally did get up and was riding on top of the water, the engine started losing power and the skier started sinking slowly back into the water. The motor then came to a complete stop. Parnell, who was driving, put the gear in neutral and pushed the starter button. There was an explosion and flames swept from the engine compartment across the bottom of the boat, severely burning plaintiff. Parnell did not operate the blower before pushing the starter button.

The jury answered issues as follows:

"1. Were the injuries of the plaintiff caused by the negligence of the defendant Daugherty, as alleged in the Complaint?

"ANSWER: No.

"2. Were the injuries of the plaintiff caused by the negligence of the defendant Parnell, as alleged in the Complaint?

"ANSWER: No.

"3. How much, if anything, is the plaintiff entitled to recover for her injuries?

"ANSWER: ................."

From judgment that plaintiff recover nothing of either defendant, plaintiff appealed.

*Ernest S. DeLaney, Jr., for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins, by John G. Golding, for defendant appellees.*

PARKER, J.

**[1]** Appellant's first assignment of error is directed to the court's action in excluding from evidence a small plate or plaque on which appeared the words:

"Caution — Operate Blower At Least Five Minutes Before Starting Engine."

Appellant's counsel contends this plaque or one similar to it was on the dash beside the ventilator button on defendant Daugherty's boat at the time it was being operated by defendant Parnell on the occasion when plaintiff was injured. While there was testimony indicating that instructions of some nature concerning ventilation of the engine may have been affixed to the dash of the boat, no witness testified either that the exhibit offered had in fact been attached to the boat or that a plaque with similar language had been attached thereto. In the absence of any proper identification there was no error in excluding the exhibit from evidence. Stansbury, N.C. Evidence 2d, § 117, p. 264.

**[2]** Appellant contends there was error in the judge's instruction to the jury that the defendant Daugherty "had no duty to the plaintiff in this case to repair the boat." For purpose of passing on this assignment of error, we do not find it necessary on this appeal to determine the exact extent of the duty to repair owed by the owner of a motorboat to socially invited guests on board. (For cases discussing the duty owed by the owner or operator of a motorboat to persons aboard, see Annotation, 63 A.L.R. 2d 343, at page 355.) The quoted language in the court's charge, to which plaintiff excepted, appears only as the introductory phrase in a sentence in which the court added immediately thereafter the instruction: "[B]ut the Court instructs you that if he did undertake to repair it, that he would owe a duty to the plaintiff to exercise reasonable care under the circumstances in the manner in which he undertook to repair the boat." The court had previously correctly instructed the jury as to the inherently dangerous nature of gasoline and the duty owed by one handling such a dangerous instrumentality to use due care commensurate with the known danger. Plaintiff alleged negligence on the part of Daugherty, not in failing to make repairs, but in the manner in which he attempted to make them. All of the evidence was to the effect that defendant Daugherty did in fact attempt to repair his boat. The court properly instructed the jury that

defendant Daugherty owed to plaintiff the duty to exercise reasonable care in the manner in which he undertook to make the repairs. The jury could not have been misled to plaintiff's prejudice by the court's passing reference to absence of a duty which plaintiff had neither alleged nor sought to prove was breached by defendant Daugherty.

In the charge as a whole, considered contextually, the court correctly instructed the jury as to the duty of defendant Daugherty, the owner of the boat, to exercise due care, not only in making the repairs which he did attempt to make, but also as to his duty to make reasonable inspection of his boat and to warn plaintiff of any dangerous condition which such a reasonable inspection would have revealed. These were the only respects in which plaintiff alleged or sought to prove defendant Daugherty negligent. Appellant's assignments of error directed to the court's charge to the jury relative to the first issue are without merit and are overruled.

[3]   Appellant also assigns as error portions of the court's charge to the jury on the second issue relating to negligence on the part of defendant Parnell, the operator of the boat. In this connection appellant complains that the court placed an undue burden on her by instructing the jury in effect that they should find for the plaintiff on the second issue only if they should find that defendant Parnell knew or in the exercise of ordinary prudence under the circumstances should have known that the boat was in defective condition at the time he attempted to start the motor. These instructions, however, simply followed plaintiff's own theory, as alleged in her complaint, as to the manner in which defendant Parnell was negligent. Plaintiff did not allege, nor did the evidence tend to show, that the operator of the boat would have been negligent under all circumstances by attempting to start the motor without first activating the blower which ventilated the motor compartment. Her allegations were that the operator was negligent in that "[h]e knew or should have known that the boat and motor were in a defective condition and that gasoline could or might leak from the defective fuel line and accumulate under the hood covering the engine," and that "[n]evertheless, he attempted to start the engine without ventilating the engine compartment." There was evidence that while the boat was in motion ventilation for the engine compartment was normally accomplished by means of the air scoops provided for that purpose. All the evidence indicated that the boat had been in motion ·up until only a moment before the explosion. Plaintiff's theory as to defendant Parnell's negligence, at least insofar as disclosed by her allegations and

evidence, was predicated on the assumption that a person of ordinary prudence, *who either knew or in the exercise of reasonable care should have known of the possibility of leaking gasoline from the defective fuel line,* would not have attempted to start the motor without first activating the blower fan or lifting the motor hood. Appellant cannot now successfully complain that the court charged the jury in conformity with her own theory of the case.

[4-6]　Finally, appellant contends there was error when the court instructed the jury they should answer the first and second issues in favor of defendants if they should find there was an "unavoidable accident," as that term was defined by the court. "An unavoidable accident, as understood in the law of torts, can occur only in the absence of causal negligence." *Baxley v. Cavenaugh,* 243 N.C. 677, 92 S.E. 2d 68. Therefore, proper instructions on negligence, burden of proof, and proximate cause will usually render unnecessary an additional instruction on unavoidable accident. We do not find the instruction in the present case erroneous, however, since it was not unduly emphasized by the court and served only to call to the jury's attention the fact that they were under no necessity, under the facts shown by the evidence in this case, to find that someone was at fault. See Annotation, Unavoidable Accident Instruction, 65 A.L.R. 2d 12.

Under instructions which we find free from reversible error the jury has found plaintiff's injuries were not caused by the negligence of either defendant. On the record before us, we find

No error.

MALLARD, C.J., and BRITT, J., concur.