STATE OF NORTH CAROLINA v. DANIEL THOMAS SMITHEY

No. 7214SC324

(Filed 2 August 1972)

1. Embezzlement § 2— fraudulent intent

 Fraudulent intent which constitutes a necessary element of the crime of embezzlement is the intent of the agent to embezzle or otherwise willfully and corruptly use or misapply the property of the principal or employer for purposes other than those for which the property is held. G.S. 14-90.

2. Embezzlement §§ 2, 6— fraudulent intent — sufficiency of evidence to withstand motion for nonsuit

 In a prosecution for embezzlement, a reasonable inference could be drawn that defendant either fraudulently or knowingly and willfully misapplied his employer's funds, or that he secreted his em-

ployer's funds with the intent to embezzle or fraudulently or know-
ingly and willfully misapply them where the evidence tended to show
that defendant was responsible for depositing funds of his employer
in the bank; he failed to make deposits for several days, claiming
that he locked the funds up in a room on employer's premises; the
funds disappeared from the room, though defendant had the only
key and the room had not been broken into; hence, defendant's mo-
tions for nonsuit were properly overruled.

3. **Criminal Law § 132— motion to set aside the verdict — no review on appeal**

Motion to set aside the verdict is addressed to the sound discretion
of the trial judge and his ruling thereon will not be reviewed on appeal
absent a manifest abuse of discretion.

APPEAL by defendant from *McKinnon, Judge,* 27 September
1971 Session of Superior Court held in DURHAM County.

Defendant was charged in a bill of indictment with em-
bezzling $2,023.58 from his employer, Direct Oil Co., Inc. He
pleaded not guilty. The State's evidence in substance showed
the following: On 12 December 1969 defendant became the
manager in charge of the service station of the Direct Oil Co.,
Inc., at 909 Alston Avenue in the City of Durham. As such
manager he was the custodian of monies received by Direct Oil
Co., Inc., and according to company custom and practice he was
supposed to deposit the monies each night in the night depos-
itory at the bank. As of 12 December 1969 defendant had a
key to make such night deposits and on 22 December 1969
he told his supervisor that he was making the deposits. De-
fendant did not make any deposits in the bank on 23, 24, 25,
or 27 December 1969. On the morning of 29 December 1969 de-
fendant phoned his supervisor and reported that he had lost
some money but he did not then know how much. Defendant
told his supervisor that he had locked up the money in the back
room of the service station. The back room was locked by a
padlock to which defendant had the only key. The padlock had
not been tampered with when the money was found to be miss-
ing. It was found that $2,023.58 had been taken, which was
money in the custody of the defendant as manager of the Di-
rect Oil Co., Inc. Defendant told his supervisor that he knew
he should have made the night deposits, said that he did not
have a key to make them, but offered no explanation as to
why he had not previously called his supervisor or attempted
to obtain another night deposit key from the bank. There was
a floor safe in the filling station which was secured both by a

key lock and a combination lock, and defendant had a key and knew the combination to this floor safe.

The State's evidence also indicates that following his arrest and while free on bail awaiting trial, defendant left the State and was subsequently again arrested in the State of West Virginia.

Defendant did not testify, but presented the testimony of his two sisters to the effect that defendant had a good reputation.

The jury found defendant guilty, and from judgment imposing a prison sentence of not less than two nor more than three years, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney General Benjamin H. Baxter, Jr., for the State.*

*Kenneth B. Spaulding for defendant appellant.*

PARKER, Judge.

Defendant assigns error to denial of his motions for nonsuit. There was ample direct evidence that defendant, as agent of his employer and by the terms and in the course of his employment, received money belonging to his employer and that he failed to account for it. Defendant's contention is that the evidence was insufficient to show any fraudulent intent or that he willfully misapplied the property of his employer for any purpose. We do not agree.

[1] "Fraudulent intent which constitutes a necessary element of the crime of embezzlement, within the meaning of the statute, G.S. 14-90, is the intent of the agent to embezzle or otherwise willfully and corruptly use or misapply the property of the principal or employer for purposes other than those for which the property is held." *State v. Gentry,* 228 N.C. 643, 46 S.E. 2d 863. "Such intent may be shown by direct evidence, or by evidence of facts and circumstances from which it may reasonably be inferred." *State v. McLean,* 209 N.C. 38, 182 S.E. 700. It is not necessary to show that the agent converted his principal's property to the agent's own use. *State v. Foust,* 114 N.C. 842, 19 S.E. 275. It is sufficient to show that the agent fraudulently or knowingly and willfully misapplied it, or that he secreted

it with intent to embezzle or fraudulently or knowingly and willfully misapply it. G.S. 14-90.

[2]   When the evidence in the present case is viewed in the light most favorable to the State and the State is given the benefit of every reasonable inference which may be fairly drawn therefrom, as we are required to do when passing on motion for nonsuit, *State v. Block,* 245 N.C. 661, 97 S.E. 2d 243, there was evidence from which a reasonable inference may be drawn that defendant either fraudulently or knowingly and willfully misapplied his employer's funds, or that he secreted his employer's funds with the intent to embezzle or fraudulently or knowingly and willfully misapply them. He admitted to his supervisor that he had received the funds and that he understood he was supposed to deposit them each night in the bank for the account of his employer. He admitted he had failed so to deposit them and that this failure had continued for a considerable period of time. His excuse for his failure to deposit the funds as he had been instructed to do was so inadequate as to make permissible an inference that the excuse was untrue. Even had his excuse, that he did not have a key to the bank depository, been accepted as true, he offered no explanation as to why he had failed to utilize the floor safe in the service station but had simply locked the money in a back room. The evidence showed that the back room had not been broken into, and he offered no explanation as to how any third party might have taken the funds from this room, to which he held the only key. Viewing the direct evidence as to defendant's admitted actions in the light of all of these circumstances, the jury might reasonably draw the inference that he embezzled his employer's funds or that he secreted them with the intent so to do. Defendant's motions for nonsuit were properly overruled.

[3]   Defendant's remaining assignment of error, that the trial judge erred in failing to grant his motion to set aside the verdict, is also without merit. Such a motion is addressed to the sound discretion of the trial judge and his ruling thereon will not be reviewed on appeal absent a manifest abuse of discretion. *State v. Massey,* 273 N.C. 721, 161 S.E. 2d 103. No abuse of discretion has been shown.

In defendant's trial and in the judgment appealed from we find

No error.

Judges BRITT and HEDRICK concur.