STATE OF NORTH CAROLINA v. JOHN T. PATE

No. 7815SC1084

(Filed 3 April 1979)

1. **Embezzlement § 1— elements of offense**

    In order to convict a defendant of embezzlement under G.S. 14-90, the State must prove three distinct elements: (1) that the defendant, being more than sixteen years of age, acted as an agent or fiduciary for this principal; (2) that he received money or valuable property of his principal in the course of

his employment and by virtue of his fiduciary relationship; and (3) that he fraudulently or knowingly and willfully misapplied or converted to his own use such money or valuable property of his principal.

**2. Embezzlement § 6— sufficiency of evidence**

The State's evidence was sufficient to permit the jury to find that defendant either fraudulently or knowingly and willfully misapplied his employer's funds in violation of G.S. 14-90 where it tended to show that defendant was employed as the manager of a finance company branch office; defendant offered to pay a State's witness $50.00 for sending customers to the company, stated that the customer would not have to repay the loan, and promised that the customer would receive $25.00; a customer sent by the State's witness told defendant that she could not repay a loan, but defendant nevertheless filled out the standard loan documents, approved a loan to the customer, and told her she would not have to repay the loan; the proceeds of the check for the loan were given to defendant; and defendant gave the witness $75.00, $25.00 of which the witness gave to the customer.

**3. Criminal Law § 86.5; Embezzlement § 5— cross-examination of defendant — other transactions — personal financial obligations**

In this prosecution for embezzlement, cross-examination of defendant about other transactions which were similar to the one in question was competent to impeach defendant's claim that the transaction in question was proper and to establish that defendant acted with a particular fraudulent intent, and cross-examination of defendant about his personal financial obligations was competent to show motive.

**4. Embezzlement § 6.1— fraudulent intent — sufficiency of instructions**

The trial court in an embezzlement case adequately instructed on fraudulent intent when it instructed the jury that in order to convict defendant it would have to find "that the defendant fraudulently and dishonestly used the moneys of Provident Finance Company of North Carolina, Inc., for some purpose other than that for which he had received it."

APPEAL by defendant from *Farmer, Judge*. Judgment entered 28 June 1978 in Superior Court, CHATHAM County. Heard in the Court of Appeals on 1 March 1979.

Defendant was charged in a proper indictment with embezzling $405.66 from the Provident Finance Company of North Carolina, Inc. Upon his plea of not guilty, the State presented evidence tending to show the following:

On 23 April 1977, the defendant was employed by the Provident Finance Company of North Carolina, Inc., as the office manager of the Siler City branch. On that day, the defendant asked Mrs. Zelphia Dark to bring in customers to the company and stated to her that he would give her $50.00 and the customer

$25.00 for doing so and that the customer would not have to repay the loan. Mrs. Dark then got Mrs. Queen Wiley to go to the office and talk to the defendant about a loan. Mrs. Wiley told the defendant that she could not repay a loan because she was not working and her husband was not working and that she did not have any credit anywhere. The defendant told her that she would not be getting into trouble and she would not have to pay back any money, that it would be just like using her name. Mrs. Wiley signed a note and financing statement for a loan and the defendant subsequently filled out these signed forms. The defendant drew a check in the amount of $485.59 payable to Mrs. Wiley from Provident Finance Company funds. He gave the check to Mrs. Dark who took it to Mrs. Wiley to endorse it. After Mrs. Wiley endorsed the check, Mrs. Dark took it to a store and cashed it and took the proceeds to the defendant. The defendant gave Mrs. Dark $75.00 of which she kept $50.00 for herself and gave $25.00 to Mrs. Queen Wiley.

As manager, the defendant had charge and control of his employer's funds on deposit with Planters National Bank and Trust Company. The defendant was authorized to make loans from company funds up to an amount of $600.00 without receiving prior authority from his supervisor. It was against company policy for Provident Finance to make loans to its employees and the defendant knew of this policy. The defendant resigned from his job with Provident Finance on 28 April 1977. The loan to Mrs. Wiley was charged off as a loss on 31 December 1977.

The defendant testified in his own behalf. His evidence tended to show the following:

The defendant, as manager, was responsible for all outstanding loans and he was required to approve all loans made by the Siler City office. He was acquainted with Mrs. Zelphia Dark and when he saw her on 23 April 1977 she wanted him to renew her loan. He advised her that he could not renew her loan because a 91 day waiting period had not expired. He told her that it was company policy to pay customers for bringing in new customers. He told her that he needed money and asked her if she would consider loaning him some money and she agreed that she would. Later in the day Mrs. Queen Wiley went into the office of Provident Finance and applied for a loan. The defendant took her loan

application, completed all loan papers and necessary documents, and approved the loan. No conversation was had between the defendant and Mrs. Wiley relative to the defendant keeping any of the loan proceeds. Prior to completing all the documents, Mrs. Wiley told defendant to give the loan check to Mrs. Dark because she had to leave. Later that day, Mrs. Dark returned to the office and gave money to the defendant, which he later learned was part of the proceeds of the loan to Mrs. Wiley.

The defendant was found guilty as charged. From a judgment imposing a sentence of three years, four months of which was active, and two years, eight months suspended, defendant appealed.

*Attorney General Edmisten, by Associate Attorney R. W. Newsom III, for the State.*

*L. T. Dark, Jr., for the defendant appellant.*

HEDRICK, Judge.

Defendant first contends the trial court erred in denying his motion to dismiss made at the close of plaintiff's evidence and renewed at the close of all the evidence. Defendant argues that there was insufficient evidence of a fraudulent intent to embezzle and insufficient evidence that the defendant converted the funds of his employer.

[1] In order to convict a defendant of embezzlement under G.S. § 14-90, the State must prove three distinct elements: (1) that the defendant, being more than sixteen years of age, acted as an agent or fiduciary for his principal, (2) that he received money or valuable property of his principal in the course of his employment and by virtue of his fiduciary relationship, and (3) that he fraudulently or knowingly and willfully misapplied or converted to his own use such money or valuable property of his principal which he had received in his fiduciary capacity. G.S. § 14-90; *State v. Helsabeck,* 258 N.C. 107, 128 S.E. 2d 205 (1962); *State v. Block,* 245 N.C. 661, 97 S.E. 2d 243 (1957); *State v. Buzzelli,* 11 N.C. App. 52, 180 S.E. 2d 472 (1971). It is not necessary to show that the agent converted his principal's property to his own use so long as it is shown that the agent fradulently or knowingly and willfully misapplied it. *State v. Smithey,* 15 N.C. App. 427, 190 S.E. 2d 369 (1972). The fraudulent intent required under G.S. § 14-90 is the in-

tent to willfully or corruptly use or misapply the property of another for purposes other than for which the agent or fiduciary received it in the course of his employment. *State v. Gentry*, 228 N.C. 643, 46 S.E. 2d 863 (1948). It is not necessary, however, that the State offer direct proof of fradulent intent, it being sufficient if facts and circumstances are shown from which it may be reasonably inferred. *State v. McLean*, 209 N.C. 38, 182 S.E. 700 (1935); *State v. Smithey, supra.*

[2] In the present case we think the evidence, when viewed in the light most favorable to the State, was sufficient to allow a reasonable inference to be drawn that the defendant either fraudulently or knowingly and willfully misapplied his employer's funds. Mrs. Queen Wiley testified that the defendant was told that she could not repay a loan and that he nevertheless filled out the standard loan documents, approved a loan to her, and reassured her that she would not have to repay the loan, that it would be just like using her name. There was also evidence that the defendant knew of the company policy prohibiting loans to employees. This evidence would permit an inference that the defendant, with full knowledge of the circumstances, used Mrs. Wiley as a conduit for diverting or misapplying the funds of his employer for his own benefit. We hold there was sufficient evidence to take the case to the jury and to support a verdict that the defendant violated G.S. § 14-90, and the trial judge properly denied defendant's motion to dismiss.

[3] By assignments of error two and three, defendant contends the trial court committed prejudicial error by allowing the State, over objection, to cross-examine the defendant with regard to other unrelated transactions and as to his personal financial obligations. When a defendant in a criminal case elects to testify in his own behalf, specific acts of misconduct may be brought out on cross-examination to impeach his credibility. *State v. McKenna*, 289 N.C. 668, 224 S.E. 2d 537, *death sent. vacated*, 429 U.S. 912, 97 S.Ct. 301, 50 L.Ed. 2d 278 (1976); *State v. Mack*, 282 N.C. 334, 193 S.E. 2d 71 (1972); 1 Stansbury's N.C. Evidence § 111 (Brandis rev. 1973). The cross-examination of defendant with regard to other loan transactions that were similar to the one involved was relevant to impeach the defendant's claim that the transaction at issue was proper. The cross-examination was also relevant in establishing that the defendant acted with a particular

fraudulent intent. *See* 1 Stansbury's N.C. Evidence § 92, at 294-95 (Brandis rev. 1973); *State v. Hight*, 150 N.C. 817, 63 S.E. 1043 (1909). With regard to the cross-examination of the defendant as to his personal financial obligations, the defendant argues only that these matters were irrelevant. It is a well-known rule that evidence is relevant if it has any logical tendency to prove a fact at issue in a case. In a criminal case every circumstance calculated to throw light on the supposed crime is admissible. It is not necessary that the evidence bear directly on the question; it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973). We think that evidence of the defendant's financial condition was relevant to show a motive for embezzlement. This assignment of error has no merit.

[4] Defendant finally contends that the trial judge committed prejudicial error in his charge to the jury by failing to adequately define and charge as to the element of fraudulent intent. Defendant argues that nowhere in its instructions did the court use the word "intent." The intent to fraudulently or willfully misapply the principal's property for purposes other than that for which it was received is an essential element of embezzlement that the State must prove beyond a reasonable doubt. *State v. Gentry, supra*; *State v. McLean, supra*; *State v. Smithey, supra*. With regard to this element, the court charged that the jury would have to find "that the defendant fraudulently and dishonestly used the moneys of Provident Finance Company of North Carolina, Inc., for some purpose other than that for which he had received it." We think that this charge does require the jury to find that the defendant acted with a fraudulent intent. This assignment of error has no merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and CARLTON concur.