STATE OF NORTH CAROLINA v. LEMUEL BRYANT

No. 8018SC631

(Filed 16 December 1980)

1. Embezzlement § 5— items embezzled — admissibility to show crime committed

   In a prosecution of defendant for embezzlement of merchandise from his employer, the trial court did not err in admitting testimony concerning certain State's exhibits and in admitting the exhibits consisting of cigarettes, matches, soup, soap and hams, since the items and the circumstances under which they were found were sufficiently identified and described by the officer who retrieved them, and since the evidence was relevant to show that the crime of embezzlement was committed.

2. Criminal Law § 75— confession — admissibility to show defendant as perpetrator

   The trial court did not err in admitting into evidence a signed statement which defendant made before two people in the course of their investigation for the grocery store which employed defendant, since the statement was relevant for the purpose of showing that defendant was the perpetrator of the embezzlement charged.

3. Criminal Law § 106.4; Embezzlement § 6— proof of crime — defendant's confession corroborated

   In a prosecution for embezzlement, evidence that defendant's employer sustained a loss of merchandise and that items bearing the employer's identification were recovered during a police investigation corroborated, however circumstantially, defendant's confession to the crime.

4. Embezzlement § 6— embezzlement of merchandise from grocery store —sufficiency of evidence

   Evidence was sufficient for the jury in an embezzlement case where it tended to show that goods were stolen from a grocery store and that defendant, an employee of the grocery store, was the person who stole them.

APPEAL by defendant from *Long, Judge.* Judgment entered 20 February 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 11 November 1980.

Defendant was indicted for embezzlement of merchandise from his employer, Big Star Foods (hereinafter Big Star), a division of Grand Union Company, Colonial Stores Division.

The evidence for the state tends to show the following:

On 11 February 1979, detective Dean Harris of the Greensboro, North Carolina, Police Department retrieved merchandise from a

residence, after receiving instructions to assist the vice squad. The cartons, and some of the individual goods, were stamped with the names "Big Star" and "Colonial Stores, Incorporated." Detective Harris contacted management personnel of Big Star, who began their own investigation. The merchandise was determined to be from Big Star Store #4715, where defendant was employed as a stock clerk. A computer statement for Store #4715 reflected an inventory shortage of $7,373 for the period between 6 December 1978 and 31 March 1979.

On 27 April 1979, Bobby Balkcum and R. A. Studer, who assisted in Big Star's investigation, met with defendant to discuss the matter. Defendant said he had taken merchandise from the store after receiving a telephone call from an unknown person who offered to pay defendant for leaving merchandise behind the store. Defendant estimated he had taken merchandise worth approximately $5,100 and received $900 cash in exchange. He offered to reimburse Big Star. Defendant then wrote down his statement and signed it in the presence of Balkcum and Studer.

Defendant's motion for involuntary dismissal at the close of the state's evidence was heard out of the presence of the jury and was denied. Defendant presented no evidence. The jury returned a verdict of guilty of embezzlement. Defendant was given a split sentence and was ordered to pay $5,100 in restitution. From this judgment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney Elaine J. Guth, for the State.*

*Herman L. Taylor, for defendant appellant.*

MARTIN (Harry C.), Judge.

**[1]** Defendant's first assignment of error deals with the admission of testimony concerning State's Exhibits 1 through 12, and admission of these exhibits into evidence. The exhibits consisted of half-cases or boxes of cigarettes, cases of book matches, soup, and soap, and a box containing hams. Defendant contends that no foundation was laid for testimony regarding the presence of these items at the residence at which they were found. He further argues that the evidence was irrelevant, as it did not connect defendant with the specific items nor with the residence.

When real evidence is properly identified, it is, in general, freely

admissible. 1 Stansbury's N.C. Evidence § 117 (Brandis rev. 1973). *See also Kale v. Daugherty,* 8 N.C. App. 417, 174 S.E.2d 846 (1970). In *State v. Harbison,* 293 N.C. 474, 483, 238 S.E.2d 449, 454 (1977), the Court stated:

> Objects offered as having played an actual, direct role in the incident giving rise to the trial are denoted "real evidence." McCormick, Evidence § 212 (2d ed. 1972); 1 Stansbury's North Carolina Evidence § 117, n. 1 (Brandis rev. 1973). Such evidence must be identified as the same object involved in the incident in order to be admissible. *State v. Winford,* 279 N.C. 58, 181 S.E.2d 423 (1971). It must also be shown that since the incident in which it was involved the object has undergone no material change in its conditin. *See McCormick, supra,* § 212, p. 527. *See also Hunt v. Wooten,* 238 N.C. 42, 76 S.E.2d 326 (1953). According to Professor Stansbury, when a tangible object is offered it must be first authenticated or identified, "and this can be done only by calling a witness, presenting the exhibit to him and asking him if he recognizes it and, if so, what it is." 1 Stansbury's North Carolina Evidence § 26 (Brandis rev. 1973).

As there are no specific rules for determining whether an object has been sufficiently identified, the trial judge possesses, and must exercise, sound discretion. *Harbison, supra.* Once evidence is identified, a witness may properly testify concerning it. *State v. Duncan,* 282 N.C. 412, 193 S.E.2d 65 (1972).

In the present case, before the exhibits were produced in the courtroom, Harris testified as to the circumstances surrounding his investigation of the residence in which the items were found. He described the articles that he discovered and noted the ownership markings thereon. The exhibits were then properly introduced as samples of the seized merchandise. Harris testified that the exhibits were in essentially the same condition as when he found them and transported them to the police station to be sealed and stored. An adequate foundation thus was laid for admission of Harris's testimony concerning the exhibits.

Real evidence, like all other evidence, is subject to a relevancy requirement. Stansbury's N.C. Evidence, *supra* § 117, n. 3. Evidence is relevant and admissible when it tends to show a connection with the

commission of a crime. *Id.* at § 118.

> It is a well-known rule that evidence is relevant if it has any logical tendency to prove a fact at issue in a case. In a criminal case every circumstance calculated to throw light on the supposed crime is admissible. It is not necessary that the evidence bear directly on the question; it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact.

*State v. Pate,* 40 N.C. App. 580, 585, 253 S.E.2d 266, 270, *cert. denied,* 297 N.C. 616 (1979).

No objection to evidence may be made solely on the ground that an object itself tends to prove more conclusively a fact in question than a description of that object by a witness. *State v. Brooks,* 287 N.C. 392, 215 S.E.2d 111 (1975).

The proof of every crime consists of two elements, that the crime charged was committed by someone, and that the defendant was the perpetrator of that crime. *State v. Jensen,* 28 N.C. App. 436, 221 S.E.2d 717 (1976); *State v. Thomas,* 15 N.C. App. 289, 189 S.E.2d 765, *cert. denied,* 281 N.C. 763 (1972). Evidence tending to show the first element, the *corpus delicti,* need not also identify the defendant as the one who committed the crime. *Thomas, supra.*

The exhibits offered in this case are relevant in that they tend to show that the crime of embezzlement was committed. The merchandise, bearing ownership identification of Big Star, was discovered in a vice squad investigation at a residence. Although the record is unclear as to whether the exhibits were ever formally admitted into evidence, they were unquestionably on display before the jury during witness Harris's testimony. As we find no reason why they should have been excluded from evidence or denied admission, the exhibits were the proper subject of testimony. *See State v. Carter,* 17 N.C. App. 234, 193 S.E.2d 281 (1972), *cert. denied,* 283 N.C. 107 (1973). Defendant's exception is without merit.

For the same reasons, we overrule defendant's assignment of error to the admission into evidence of State's Exhibit 14, the computer print-out sheet indicating an inventory shortage at Store #4715, and testimony relative thereto. Defendant argues that the summary

State v. Bryant

does not concern the period involved in the charges against him. He further contends that it has no probative value as to stolen merchandise, because the statement indicates only general shortages from any causes.

The computer sheet contains a comparison of the inventory for Store #4715 on 6 December 1978 and 31 March 1979, and indicates there was an unexplained shortage of $7,373 during that interval. The time for which defendant was accused of embezzlement in the indictment was from 11 December 1978 through 2 February 1979, which is obviously within the period the shortages occurred. The print-out, indicating a loss of merchandise, is relevant in its tendency to demonstrate that an embezzlement did occur. The state is not required to eliminate all other inferences. *State v. Macon,* 6 N.C. App. 245, 170 S.E.2d 144 (1969), *aff'd,* 276 N.C. 466 (1970). The computer statement and testimony regarding it were properly admitted into evidence.

**[2]** Defendant also assigns error to the admission into evidence of the signed statement he made before Balkcum and Studer in the course of their investigation for Big Star. Defendant asserts that the statement, in which he admitted stealing property belonging to his employer, is irrelevant, as it does not refer to specific times, items, or value, and has no connection to State's Exhibits 1-12. The confession is relevant in showing the second element of the crime, that defendant was its perpetrator. In proving the crime of embezzlement, it is not necessary for the state to prove that the defendant converted the property in question to his own use. *State v. Foust,* 114 N.C. 842, 19 S.E. 275 (1894); *State v. Smithey,* 15 N.C. App. 427, 190 S.E.2d 369 (1972). In *Smithey,* Judge Parker stated, "It is sufficient to show that the agent fraudulently or knowingly and willfully misapplied [the property], or that he secreted it with intent to embezzle or fraudulently or knowingly and willfully misapply it." *Id.* at 429-30, 190 S.E.2d at 370-71. Defendant's argument is frivolous, as the confession clearly tends to show that defendant was the perpetrator of the alleged embezzlement.

**[3]** Defendant contends that he cannot be convicted on his uncorroborated confession alone, citing as authority *State v. Sinclair,* 43 N.C. App. 709, 259 S.E.2d 808 (1979). Defendant is correct in his interpretation of the law, that more than a confession is necessary to sustain a criminal conviction. *E.g., State v. Jenerett,* 281 N.C. 81, 187 S.E.2d 735 (1972); *Jensen, supra; State v. Lewis,* 18 N.C. 681, 198 S.E.2d

57, *cert. denied and appeal dismissed,* 283 N.C. 756 (1973). However, it is also well established that independent evidence of the *corpus delicti* is sufficient to corroborate the confession. *State v. Thompson,* 287 N.C. 303, 214 S.E.2d 742 (1975), *death penalty vacated,* 428 U. S. 908, 49 L. Ed. 2d. 1213 (1976); *State v. Crawford,* 260 N.C. 548, 133 S.E.2d 232 (1963); *State v. Cope,* 240 N.C. 244, 81 S.E.2d 773 (1954); *Sinclair, supra.* In the record before us, there is ample evidence, in addition to defendant's statement, tending to prove the crime of embezzlement. The evidence that Big Star sustained a loss of merchandise and that items bearing Big Star's identification were recovered during a police investigation, corroborate, however circumstantially, defendant's confession. This assignment of error is overruled.

**[4]** We likewise overrule defendant's final assignment of error, the denial of his motion to dismiss. In deciding a motion to dismiss, the evidence must be viewed in the light most favorable to the state, with contradictions and inconsistencies ignored. *State v. McKinney,* 288 N.C. 113, 215 S.E.2d 578 (1975); *State v. McCaskill,* 47 N.C. App. 289, 267 S.E.2d 331 (1980). Here the state has presented evidence of each element of the crime of embezzlement under N.C.G.S. 14-90. *See Pate, supra.* There was evidence that goods were stolen from Big Star and that defendant, an employee of Big Star, was the person who stole them. We hold that defendant received a trial free of prejudicial error.

No error.

Chief Judge MORRIS and Judge WEBB concur.