STATE OF NORTH CAROLINA v. DWAYNE L. COASEY

No. 8011SC1105

(Filed 7 April 1981)

1. **Robbery § 3 – location of shed – relevancy in robbery case**

   The location of a shed in which a gun and gloves used in a robbery were found in relation to the residence in which defendant was found was clearly relevant in a prosecution of defendant for armed robbery.

2. **Robbery § 4.3– armed robbery – sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for armed robbery where it tended to show that a taxicab driver was robbed of $20 at gunpoint; after the robbery the driver and an officer tracked the robber through the snow to a shed where they found the gun and gloves used in the robbery; tracks led from the shed to a nearby house; defendant was in the house at this time and identified a pair of wet boots as belonging to him; and another witness testified she had seen defendant sitting in the driver's cab on the morning in question.

APPEAL by defendant from *Brown, Judge.* Judgment entered 16 July 1980 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 13 March 1981.

Defendant was indicted for armed robbery. The State's evidence tended to show that on 1 February 1980, defendant, Dwayne L. Coasey, robbed Paul Creech, a taxicab driver, at gunpoint of approximately $20 after being driven to Zorrow Valley in Benson, North Carolina.

Mr. Creech testified that after the robbery he and the Benson Chief of Police, Lindell Nordan, tracked the robber through the snow to a shed where they found the gun and cotton gloves used in the robbery and Mr. Creech's leather gloves. Tracks led from the shed to the house of Pearl Williams, which Chief Nordan entered with her permission. The defendant was in the house at this time and identified a pair of wet boots next to the stairway as belonging to him. Chief Nordan then asked Mr. Coasey to step outside and Mr. Creech then identified defendant as the man who robbed him. Mr. Coasey was also identified by Selena Adams, who testified she had seen defendant Coasey sitting in Mr. Creech's cab on the morning in question.

The defendant testified that he did not identify any shoes in the house as being his, he did not get into Mr. Creech's cab and did not point a gun at him.

Defendant's motion to dismiss was denied and upon the jury's verdict of guilty as charged, he was sentenced to not less than seven years and not more than twenty years imprisonment. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney General Thomas G. Meachum, Jr., for the State.*

*Corbett & Corbett, by Albert A. Corbett, Jr., for the defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first assignment of error is based upon four unrelated exceptions to the admission of evidence at his trial. His first contention is that the testimony of Mr. Creech regarding the location of the shed from the house where Mr. Coasey was found was not relevant as there was no evidence defendant had been in the shed, or evidence that the footprints leading from the shed to the house were made by him.

It is a well-known rule that evidence is relevant if it has any logical tendency to prove a fact at issue in a case. In a criminal case every circumstance that tends to throw light on the supposed crime is admissible. *State v. Braxton,* 294 N.C. 446, 242 S.E. 2d 769 (1978); *State v. Pate,* 40 N.C. App. 580, 253 S.E. 2d 266, *cert. denied* 297 N.C. 616, 257 S.E. 2d 222 (1979). The location of the shed, in which the gun and gloves used in the robbery were found, from the residence in which defendant was found is clearly relevant as measured by the foregoing test.

We have carefully examined the other exceptions within defendant's first assignment of error and find them to also be without merit.

[2] Defendant's second and third assignments of error are that his motions to dismiss were improperly denied by the trial court.

A motion to dismiss in a criminal case requires the court to consider all of the evidence actually admitted, whether competent or incompetent, *State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833 (1966), in the light most favorable to the State, giving it the benefit of every reasonable inference fairly drawn therefrom. *State v. Smith,* 291 N.C. 505, 231 S.E. 2d 663 (1977). If there is any evidence tending to prove the fact of guilt, or which reasonably

leads to that conclusion, it is for the jury to say whether it is convinced beyond a reasonable doubt of the guilt of the accused. The question, therefore, is whether there is substantial evidence to support a finding that the offense charged has been committed, and that the accused committed it. *State v. Smith, supra.*

When measured by these rules the state's evidence would permit a jury to find that Mr. Creech was robbed by the defendant at gunpoint on 1 February 1980, the evidence is therefore sufficient to carry the case to the jury and defendant's motions to dismiss were properly denied.

No error.

Judges CLARK and MARTIN (Harry C.) concur.