STATE OF NORTH CAROLINA v. ISAAC JUNIOR WILLIAMS

No. 8316SC961

(Filed 20 March 1984)

1. **Property § 4.2— malicious damage to property by use of explosive — sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for malicious damage to real property, an occupied dwelling, by the use of an explosive where it tended to show that a plastic jug containing flammable material was hurled into an occupied dwelling and ignited, causing a fire; defendant possessed a plastic container of gasoline on that date; defendant had on the same evening threatened one of the occupants of the house; defendant was apprehended near the scene shortly after the crime occurred and smelled of a "flammable-like material" at the time of apprehension; and a glass sliver found on defendant's arm could have had a common origin with glass taken from a broken window of the dwelling in question.

**2. Criminal Law § 48.1— custodial silence inadmissible**

   The use for impeachment purposes of defendant's silence, at the time of his arrest and after receiving the *Miranda* warnings, violated defendant's right to due process under the Fourteenth Amendment.

**3. Criminal Law § 138— use of evidence proving element of offense to find aggravating factor**

   In imposing a sentence for malicious damage to real property by use of an explosive, the trial court improperly used evidence necessary to prove an element of the offense in finding as an aggravating factor that defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Herring, Judge.* Judgment entered 27 May 1983 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 13 March 1984.

Defendant was charged in a proper bill of indictment with malicious damage to real property, an occupied dwelling house, by the use of an explosive, in violation of N.C. Gen. Stat. Sec. 14-49.1. Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

The defendant met Evelyn Bostic in 1980, and the couple began to live together approximately one year later. In August 1982, Ms. Bostic broke off her relationship with defendant and moved in with her sister, Dolly Rogers, who resided with her boyfriend and her two-year-old daughter at 326 Tuskeegee Drive, Laurinburg, North Carolina. Following Ms. Bostic's departure, defendant attempted to see and talk with her at Ms. Rogers' house and at Ms. Bostic's work place. On Saturday, 14 August 1982, defendant returned to Ms. Rogers' house at approximately 11 p.m., and was told Ms. Bostic was not there. He returned fifteen minutes later, appeared angry, and was permitted to enter the house to confirm her absence. Ms. Bostic returned to the house at approximately 3:30 a.m., and received a telephone call from defendant almost immediately thereafter. She testified that they argued and that defendant threatened her. At approximately 4:30 a.m., defendant purchased "a dollar's worth" of gasoline, which he put in a plastic milk container. At some time between 4:24 and 5:30 a.m. a brick was hurled through Ms. Bostic's window, followed by a fire bomb. The resultant fire was extinguished by the adults in the house. Defendant was apprehended by police

at approximately 6:30 a.m. about one mile from Ms. Rogers' house. He did not have the plastic milk jug with him, and the officer detected "a faint odor of a flammable-like substance" when defendant got into the police car. A fragment of glass removed from defendant's arm at the police station was later compared to glass from Ms. Rogers' broken window by an SBI forensic chemist, who testified that the pieces of glass "could have had a common origin." The chemist also testified that burned residue taken from the bedroom contained gasoline and the remains of a plastic jug.

Defendant offered evidence tending to show the following: At no time on 14 August 1982 did defendant call or attempt to see Evelyn Bostic. At approximately 3:30 p.m. defendant left Laurinburg for Wagram, where he attended a family reunion. At approximately 11:00 p.m. defendant left Wagram and went with two other individuals to a nightclub in Red Springs, North Carolina. Sometime after 3:30 a.m. defendant left Red Springs and returned to his home in Wagram. He was attacked by an unknown number of people upon arriving home, and he fled to his aunt's house, approximately a quarter mile away. Because his aunt was not home, defendant broke into her house and remained there for approximately thirty minutes. Defendant then hitchhiked into Laurinburg to report the attack to the police, but changed his mind upon arrival and decided to return to Wagram. He was soon thereafter stopped by the police.

Defendant was found guilty as charged of malicious damage by explosives and sentenced to serve twenty-five years in prison, a term exceeding the presumptive fifteen-year term for Class C felony. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Charles H. Hobgood, for the State.*

*Mason, Williamson, Etheridge and Moser, P.A., by Terry R. Garner, for defendant, appellant.*

HEDRICK, Judge.

Defendant contends that the trial court erred in denying his motions to dismiss the charges against him, arguing that the evidence presented at trial "was insufficient to submit the case to the jury."

N.C. Gen. Stat. Sec. 14-49.1 provides: "Any person who willfully and maliciously damages or attempts to damage any real or personal property of any kind or nature, being at the time occupied by another, by the use of any explosive or incendiary device or material is guilty of a felony punishable as a Class C felony."

[1] It is elementary that "proof of every crime consists of: (1) Proof that the crime charged has been committed by someone; and (2) proof that the defendant is the perpetrator of the crime." *State v. Bass*, 253 N.C. 318, 321, 116 S.E. 2d 772, 774 (1960) (citation omitted). *See also State v. Bryant*, 50 N.C. App. 139, 272 S.E. 2d 916 (1980). There is in this record substantial evidence that on 15 August 1982 a plastic jug containing flammable material was hurled into an occupied dwelling and that the device ignited, causing a fire. There is also substantial evidence that defendant, on that date, possessed a plastic container of gasoline, that he had on the same evening threatened one of the occupants of the house, that he was apprehended near the scene shortly after the crime occurred, that he smelled of "a flammable-like material" at the time of apprehension, and that a glass sliver found on his arm "could have had a common origin" with glass taken from a broken window of the dwelling in question. We think it clear that the State's evidence was sufficient to permit submission of the case to the jury. These assignments of error are without merit.

[2] By Assignment of Error No. 8 defendant argues that the court erred when it allowed the State "to cross examine the defendant concerning the defendant's failure to talk to the officers at the time of his arrest concerning his account of his activities during the early morning hours of August 15, 1982." Defendant contends that introduction of evidence concerning his "custodial silence" constitutes a violation of his constitutional rights. We agree. The record shows that Deputy Small informed defendant of his constitutional rights immediately after asking defendant to accompany him to the police department. At trial, defendant was subjected to a detailed cross-examination about his failure to relate his account of his activities on 15 August to Deputy Small and other officers. We think the issue here presented is controlled by the decision of the United States Supreme Court in *Doyle v. Ohio*, 426 U.S. 610, 618-19, 49 L.Ed. 2d 91, 98, 96 S.Ct. 2240, 2245 (1976), in which the Court said:

> [W]hile it is true that the Miranda warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial. . . . We hold that the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment.

*See also* 2 H. Brandis, Brandis on North Carolina Evidence Sec. 179 (2d rev. ed. 1982). Because we believe the court committed prejudicial error in allowing into evidence defendant's failure to recount to police officers his story of the events of 15 August, we hold that defendant is entitled to a new trial.

While defendant argues other alleged errors going to the court's conduct of his trial, we believe such alleged errors are unlikely to occur at defendant's next trial, and so we decline to discuss them. We do wish, however, to discuss defendant's sole assignment of error going to the sentencing phase of the proceedings, and to that aspect we now turn our attention.

[3] The record discloses that defendant was sentenced to a term exceeding the presumptive based on the court's finding of the following factors in aggravation:

> 7. The defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person.

> 15. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement, and the defendant either Waived Counsel or was represented by Counsel in Court during trial of the same.

The court found no mitigating factors.

Defendant assigns error to the court's finding of Factor No. 7, arguing that the same evidence was used to prove an element of the offense and to establish the factor in aggravation, in violation of N.C. Gen. Stat. Sec. 15A-1340.4(a)(1). We agree.

N.C. Gen. Stat. Sec. 15A-1340.4(a)(1) in pertinent part provides: "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." N.C. Gen. Stat. Sec. 14-49.1, the statute pursuant to which defendant was convicted, sets out as an element of the offense of malicious damage by explosives "the use of any explosive or incendiary device or material." The statutory aggravating factor found by the trial judge requires a showing that the defendant employed "a weapon or device which would normally be hazardous to the lives of more than one person." Our examination of the record reveals that the State impermissibly relied on the same evidence to show an element of the offense and to prove a factor in aggravation.

Because of the error already discussed, we hold that defendant is entitled to a new trial.

New trial.

Judges HILL and JOHNSON concur.