STATE OF NORTH CAROLINA v. JERRY ALLEN EARNEST

No. 8225SC1172

(Filed 20 September 1983)

**Embezzlement § 6— sufficiency of evidence**

The evidence was sufficient to convict defendant of embezzlement under G.S. 14-90 where the evidence tended to show that defendant's duties, as president of the corporation, were to hire and fire employees and to direct payment of bills, and where his duties did not encompass the authority to open a separate bank account for the purpose of depositing corporate funds which he did.

APPEAL by defendant from *Owens, Judge*. Judgment entered 21 September 1981 in Superior Court, CATAWBA County. Heard in the Court of Appeals 30 August 1983.

On 28 September 1979, Stephen Daniels, Kenneth Huggins, James Jacumin, and the defendant agreed to set up a corporation to be named Hepco Publishing, Inc. At the first organizational meeting, held 1 October 1979, defendant was elected president, Huggins was elected vice-president, Daniels was elected secretary, and Jacumin was elected treasurer.

The defendant's responsibilities as president were to direct payment of bills and to hire and fire employees. As treasurer, Jacumin was authorized to open a bank account for the corporation, and such an account was opened under the name of Hepco, Inc. at the First National Bank of Catawba County. All funds of the corporation were to be deposited in the corporate bank account.

Over the next two months, the defendant received some 20 checks totaling $3,108.50 and made payable to Hepco Publishing, Inc. These checks were received either personally by the defendant or through James Lemley, a salesman for the corporation. Instead of giving these checks to the treasurer or depositing them

in the Hepco bank account, the defendant deposited the checks in an account entitled Earnest Publishing Company, which was an account personally opened by the defendant in August of 1979.

On or about 29 October 1979, the defendant went to the corporate office and cleared out his desk. He did not return until a called meeting of the directors of the corporation on 3 December 1979, at which time he was removed as president.

Defendant testified at trial that he received the checks in question and that he deposited them in his Earnest Publishing Company account, but stated further that he paid Hepco bills totaling $3,048.23 from that account. At the close of all the evidence, defendant's motion to dismiss and motion for appropriate relief were denied.

The jury found the defendant guilty of embezzlement of property received by virtue of office or employment in violation of G.S. 14-90. The defendant was subsequently ordered to serve not less than nor more than six months in the Department of Corrections, with the remainder of the sentence suspended. He was further ordered to pay the sum of $3,050.00 as restitution.

The defendant served notice of appeal in open court on 21 September 1981.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Reginald L. Yates for defendant-appellant.*

ARNOLD, Judge.

The defendant first contends that the trial court erred in denying his motion to dismiss made at the close of all the evidence. The defendant argues that there was no showing that he misapplied or converted the funds to his own use.

In order to convict a defendant of embezzlement under G.S. 14-90, the State must prove three distinct elements: (1) that the defendant, being more than sixteen years of age, acted as an agent or fiduciary for his principal, (2) that he received money or valuable property of his principal in the course of his employment and through his fiduciary relationship, and (3) that he fraudulently or knowingly and willfully misapplied or converted to his own use

the money or valuable property of his principal which he had received in his fiduciary capacity. *State v. Pate,* 40 N.C. App. 580, 253 S.E. 2d 266 (1979). Only the third element is in dispute in the present case. In order to meet the requirements of that element it is not necessary to show that the defendant converted his principal's property to his own use, provided it is shown that he fraudulently or knowingly and willfully misapplied it. *Id.*

The fraudulent intent required under G.S. 14-90 is the intent to willfully or corruptly use or misapply the property of another for purposes other than those for which the agent or fiduciary received it in the course of his employment. *Id.* It is not necessary, however, that the State offer direct proof of fraudulent intent if facts and circumstances are shown from which it may be reasonably inferred. *Id.*

Upon a motion to dismiss in a criminal action, all of the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference from that evidence. *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980). Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. In considering a motion to dismiss, it is the duty of the court to determine whether there is substantial evidence of each essential element of the offense charged, substantial evidence being such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*

When viewed in the light most favorable to the State, the evidence in this case was sufficient to allow a reasonable inference to be drawn that the defendant either fraudulently or knowingly and willfully misapplied funds of Hepco Publishing, Inc. As president of the corporation the defendant's duties were to hire and fire employees and to direct payment of bills. His duties did not encompass the authority to open a separate bank account for the purpose of depositing corporate funds. It would not have been difficult for the defendant to give any checks he had received to the treasurer, or to simply deposit them in Hepco's own bank account.

The defendant next maintains that the trial court erred in denying his motion for appropriate relief, wherein he sought to have the verdict set aside and an order entered dismissing the

charge of embezzlement or in the alternative, granting the defendant a new trial. This motion was without merit and was properly denied by the trial judge, as there was no error committed at trial.

No error.

Judges WELLS and EAGLES concur.