STATE OF NORTH CAROLINA v. PETER JOSEPH SPECKMAN, JR.

No. 8826SC394

(Filed 20 December 1988)

1. Indictment and Warrant § 8.4— embezzlement and false pretense—failure to require election by State—harmless error

The trial court erred in the denial of defendant's motion to require the State to elect between charges of embezzlement and obtaining property by false pretense where the same $7,500 was involved in both offenses, since the two charges are mutually exclusive. However, defendant was not prejudiced by such error where the jury found defendant guilty of one count of embezzlement and one count of obtaining property by false pretense, and the trial court consolidated the verdicts for judgment and pronounced a single judgment on the verdicts.

2. Embezzlement § 6— attorney embezzlement—sufficiency of evidence

The evidence was sufficient to support a verdict of guilty on a charge of embezzlement where it tended to show that defendant attorney was given $7,500 by a client to purchase a share in a waterslide operation for the client and that the client never received the share of the waterslide operation.

3. False Pretense § 3.1— obtaining money by false pretense—guilt of attorney

The evidence was sufficient to support a verdict of guilty on a charge of obtaining property by false pretense where it tended to show that defendant attorney falsely represented the financial status of a waterslide operation to a client and that the client gave defendant a check for $7,500 for the purchase of a share in the waterslide operation.

4. Constitutional Law § 30— discovery—substantial compliance with statutes

The State substantially complied with discovery statutes with regard to a check written by defendant where the prosecutor failed to provide the check to defense counsel because he was unsure of the status or probative value of the check due to its illegibility, and when a clear copy of the check was obtained, defense counsel was present and was then given the legible copy.

**5. Constitutional Law § 30— discovery—substantial compliance with statutes**

  The State substantially complied with discovery statutes by supplying defendant with a document showing a partnership share breakdown before it was used at trial where the State did not initially intend to use the breakdown but decided to use it after admission of other evidence was denied; the partnership evidence was not material to the preparation of defendant's defense; the same information contained in the document was established by other evidence at trial, including evidence offered by defendant; and the document was made available to defendant for examination at the time the State decided to use it.

**6. Criminal Law § 88.4— embezzlement and false pretense—client's money—cross-examination about finances**

  In a prosecution of an attorney for embezzlement of a client's money and obtaining property from the client by false pretense, the trial court did not err in permitting the State to cross-examine defendant about various financial dealings, his dealings with the client, and his financial status. N.C.G.S. § 8C-1, Rule 611(b) (1988).

**7. Embezzlement § 5— relevancy of attorney's testimony**

  An attorney's testimony about attorney-client relationships, attorney trust accounts and fiduciary relationships was relevant in a prosecution of an attorney for embezzlement of a client's money.

**8. False Pretense § 3.2— instruction—time of intent to deceive**

  The trial court's instruction in a prosecution for obtaining property by false pretense that "the intent to deceive must have been present at the time the statement was made, not when the funds were received" was a correct instruction.

APPEAL by defendant from *Griffin, Kenneth A., Judge.* Judgment entered on the verdict 13 August 1987 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 1 November 1988.

Defendant was indicted on 23 March 1987 on one count of embezzlement and on one count of obtaining property by false pretense. At trial the State's evidence tended to show that defendant was an attorney who was employed by Technetics, a company engaged in the business of constructing waterslides, to arrange a partnership for the purpose of financing a waterslide operation, "Slide-a-Ride," in Tanglewood Park in Winston-Salem. In 1980 defendant met James Schwab who, through the efforts of Technetics, was a general partner in the Slide-a-Ride project. In July 1980 Schwab left Technetics and indicated his desire to sell his 22½ percent general partnership interest. Defendant informed Schwab that he had a purchaser for Schwab's interest;

subsequently, defendant gave Schwab a check for an amount between $5,000 and $6,000. Schwab testified that at the time he sold his interest he (Schwab) believed the partnership was losing money.

The State's evidence also tended to show that Floyd D. Young was a client of defendant in late 1982 and early 1983 and that defendant had discussed various investment opportunities, including Slide-a-Ride, with Young. Defendant indicated that he was a partner in Slide-a-Ride and that it was a good investment. Young gave defendant a check for $7,500 which defendant indicated would be used to purchase the interest of Schwab in the waterslide. Young never received any documentation showing that he was a partner in the waterslide operation. The State's evidence also tended to show that the waterslide partnership had increasing losses for the years 1982-1984 and that as of 1984 records provided by defendant indicated that Schwab was still a general partner. Young was not listed in any of the records or partnership listings. The evidence tended to show that neither Schwab nor Young derived any monetary distribution as a result of holding an interest in the waterslide partnership. The evidence also showed that the value of the waterslide in 1984 following depreciation was about $11,000.

Defendant's evidence tended to show that defendant "had not withheld any material information from Young" and that "Young was a good friend, a client, a co-investor, and a sharp businessman who did not know or care . . ." that he was purchasing the waterslide interest defendant purchased from Schwab. Defendant's evidence further indicated that defendant purchased Schwab's interest on 23 March 1983 and that he sold this interest to Young on 27 January 1984. Defendant placed a notation on Young's check indicating "that the check was for the purchase of a general partnership share in Slide-a-Ride." Defendant's evidence tended to show that defendant "had no intention that Young would lose money through the transaction" and that defendant "did not intend to convert Young's money to his own use. . . ." Defendant testified that he neglected to inform the partnership's accountant of the sale of Schwab's interest to Young. Defendant also testified that he thought Slide-a-Ride would be profitable and that its poor business had been due to bad weather. Defendant testified that Tanglewood Park and the Slide-a-Ride operation had entered into

a new lease agreement in 1986, which contained an option for Tanglewood to purchase the waterslide operation for a sum of $65,000.

At trial, the jury found defendant guilty on both counts. After the cases were consolidated for judgment and sentencing, defendant was sentenced to one year imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David F. Hoke, for the State.*

*Office of the Appellate Defender, by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

WELLS, Judge.

[1] Defendant assigns error to the trial court's denial of his motion to require the State to elect between the charges of embezzlement and obtaining property by false pretense.

> In order to convict a defendant of embezzlement under G.S. § 14-90, the State must prove three distinct elements: (1) that the defendant, being more than sixteen years of age, acted as an agent or fiduciary for his principal, (2) that he received money or valuable property of his principal in the course of his employment and by virtue of his fiduciary relationship, and (3) that he fraudulently or knowingly and willfully misapplied or converted to his own use such money or valuable property of his principal which he had received in his fiduciary capacity.

*State v. Pate,* 40 N.C. App. 580, 253 S.E. 2d 266, *cert. denied,* 297 N.C. 616, 257 S.E. 2d 222 (1979).

The charge of obtaining property by false pretense has as its constituent elements, " '(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.' " *State v. Davis,* 48 N.C. App. 526, 269 S.E. 2d 291 (1980) (*quoting State v. Cronin,* 299 N.C. 229, 262 S.E. 2d 277 (1980)). Close scrutiny of the elements of embezzlement and obtaining property by false pretense shows that the two charges are inherently

mutually exclusive. In order to be found guilty of embezzlement, a defendant must obtain the property in question *rightfully* in the course of his employment by virtue of his fiduciary or agency relationship with his principal. The defendant must then fraudulently or knowingly misapply or convert the property to his own use in such a way as to be inconsistent with the usage originally intended by the principal. The wrongful act takes place *after* the property is initially rightfully obtained. The charge of obtaining property by false pretense requires the defendant to have wrongfully obtained the property *at the outset* by falsely representing an existing fact or a future fulfillment or event which is calculated and intended to deceive and which does in fact deceive.

The defendant, in the present case, could not therefore have obtained the $7,500 rightfully through his fiduciary relationship with Young and then wrongfully use the money *and* wrongfully obtain, at the outset, the same $7,500 through the false representation of an existing fact or fulfillment of a future event. Our resolution of this issue is controlled by the decision of our Supreme Court in *State v. Meshaw*, 246 N.C. 205, 98 S.E. 2d 13 (1957). In *Meshaw*, the defendant was convicted of larceny of property and also of receiving the same property knowing it to have been stolen. The *Meshaw* court stated: "The verdict here purports to establish that the appellant is guilty of two separate and distinct criminal offenses, the nature of which is such that guilt of one necessarily excludes guilt of the other. He may be guilty of one or of the other, not both." *Meshaw, supra* at 207, 98 S.E. 2d at 15.

As a rule, "[t]he [trial] judge [is] not required to make the State elect between the charges contained in [the indictments], at the beginning of the trial, and before any evidence [has] been introduced." *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 (1972). (Emphasis in the original.) *Accord State v. Hill*, 45 N.C. App. 136, 263 S.E. 2d 14 (1980). However, where the charges involved are clearly mutually exclusive, as in the present case, we are persuaded that the State should be required to make an election between the charges. *See State v. Griffin*, 239 N.C. 41, 79 S.E. 2d 230 (1953). Accordingly, we hold that the trial court's denial of defendant's motion to require the State to elect between the charges of embezzlement and obtaining property by false pretense was in error.

This error was not sufficiently prejudicial to require a new trial for the defendant in this case. Where the verdict is contradictory in nature, as in the present case, it has been established that: "if there is a verdict of 'guilty as charged' and the trial is free from error, or if there is a plea of guilty as charged, *a single judgment* pronounced thereon will be upheld." *Meshaw, supra* at 209-210, 98 S.E. 2d at 16 (emphasis in the original); *State v. Turner*, 8 N.C. App. 541, 174 S.E. 2d 863 (1970). It is considered to be "immaterial" as to which mutually exclusive count the guilty verdict pertains. *Meshaw, supra* at 210, 98 S.E. 2d at 16. "In short, since it has been established that the defendant is guilty of one *or* the other, in either case the judgment is sufficiently supported." *Meshaw, supra.* (Emphasis in the original.) We are presented with a similar situation in the instant case. Defendant was found by the jury to be guilty of one count of embezzlement and one count of obtaining property by false pretense. While these counts, as noted above, are mutually exclusive, the trial court consolidated the verdicts for judgment and sentencing and pronounced a *single judgment* on the verdicts. Therefore, defendant suffered no prejudice as a result of the trial court's denial of his motion to require the State to elect between the charges. Accordingly, defendant is not entitled to a new trial based on these assignments of error.

Defendant contends that there was insufficient evidence to support guilty verdicts on either charge and that the trial court erred in failing to grant defendant's motion to dismiss the charges against the defendant and failing to grant defendant's motion to set aside the verdicts as being against the weight of the evidence. "In considering a motion to dismiss, it is the duty of the court to determine whether there is substantial evidence of each essential element of the offense charged, substantial evidence being such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Earnest*, 64 N.C. App. 162, 306 S.E. 2d 560 (1983). Furthermore, "all of the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference from that evidence." *Id.* at 164, 306 S.E. 2d at 562.

[2] There is substantial evidence in the case at bar to support each element of both of the offenses charged. As to embezzlement, evidence in the record is sufficient to support a conclusion

State v. Speckman

that defendant was the attorney of Young and as such was placed in a fiduciary relationship with Young. Defendant was given $7,500 by Young to purchase a share in the waterslide operation. Defendant received the money rightfully in the course of his employment as an attorney for Young and by virtue of his fiduciary relationship with Young. Though it is not clear from the record what happened to the $7,500, viewing the evidence in a light most favorable to the State, it is clear that Young never obtained the share of the waterslide operation which was to be purchased with the money. Therefore, there was evidence from which a reasonable inference may be drawn that defendant either fraudulently or knowingly and willfully misapplied his client's funds, or that he secreted such funds with the intent to embezzle or fraudulently or knowingly and willfully misapply them. *See State v. Smithey*, 15 N.C. App. 427, 190 S.E. 2d 369 (1972). In short, the evidence is sufficient to support a verdict of guilty of embezzlement.

[3] The evidence also supports a verdict of guilty of obtaining property by false pretense. The evidence shows that defendant falsely represented the financial status of the waterslide operation to Young. A reasonable inference can be drawn that this false representation was made in a manner that was calculated and intended to deceive Young. Furthermore, defendant obtained value from Young, namely, a check for $7,500. Therefore, there is substantial evidence to support a verdict of guilty of obtaining property by false pretense. The trial court did not err in denying defendant's motions to dismiss for insufficient evidence.

"The decision whether to grant or deny a motion to set aside the verdict is vested in the sound discretion of the trial court and is not reviewable absent a showing of an abuse of that discretion." *State v. Wilson*, 313 N.C. 516, 330 S.E. 2d 450 (1985). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). We can discern no manifest abuse of discretion in the trial court's denial of defendant's motion to set aside the verdict.

[4] Defendant contends that the trial court committed error in denying defendant's motions for a mistrial on the grounds of the failure of the State to comply with the discovery statutes. The

documents in question are a copy of a check given by the defendant to Schwab and a document showing the partnership share breakdown of the waterslide operation. Defendant argues that the State improperly held these documents in violation of the discovery statutes. When the State complies voluntarily with a discovery request, "the discovery is deemed to have been made under an order of the court for the purposes of [the discovery statutes]." N.C. Gen. Stat. § 15A-902(b) (1988); *State v. Carson*, 320 N.C. 328, 357 S.E. 2d 662 (1987). As a result, the State must continue to comply with the discovery request and supply discoverable items covered by the statute. As our Supreme Court stated in *State v. Jones*, 296 N.C. 75, 248 S.E. 2d 858 (1978), "He [the prosecutor] was under a continuing duty to disclose relevant, discoverable information *as he received it*." (Emphasis added.) Though the check, in the present case, apparently had some exculpatory value, the record on appeal indicates that the State was unsure of the status or the probative value of the check due to its illegibility. The trial court also found the check to be illegible. When a clear copy of the check was obtained by the State, defense counsel was present and was given the legible copy at that time. We hold that the State substantially complied with the requirements of the discovery statutes in regard to defendant's check to Schwab.

[5]   As to the partnership breakdown, we also conclude that the State substantially complied with the requirements of the discovery statutes in supplying defendant with a copy of the breakdown before it was used at trial. The record indicates that the State did not intend to use the partnership breakdown initially but decided to use it after admission of other evidence was denied. The evidence does not appear to have been obtained directly from defendant or to belong to defendant. Nor does the partnership evidence appear to have been material to the preparation of defendant's defense. The same substantive information contained in the partnership documents in question was established by other evidence at trial including evidence offered by defendant. At the time the State decided to use the evidence it was made available to defendant for examination. This assignment of error is overruled.

[6]   Defendant's assignments of error 5 through 8 deal with evidence which was elicited during cross-examination and rebuttal by the State and admitted by the trial court over objection by

defendant. Defendant contends the trial court erred by allowing the State to cross-examine defendant concerning various financial matters including his own financial status. Defendant contends the cross-examination, "went into inflammatory, irrelevant matters not going to defendant's credibility." Rule 611(b) of the North Carolina Rules of Evidence states: "(b) Scope of cross-examination. —A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." N.C. Gen. Stat. 8C-1, Rule 611(b) (1988). The cross-examination of defendant at issue in the present case related largely to financial dealings by defendant, including those associated with the waterslide operation, defendant's dealings with Young and defendant's financial status. As such the cross-examination of defendant was clearly within the acceptable bounds allowed by the Rules of Evidence. Therefore the trial court did not err in allowing the State to cross-examine defendant on these matters.

[7]  Defendant also contends that the trial court erred in allowing the testimony of Marshall Haywood, a Charlotte attorney. Haywood testified for the State on rebuttal about attorney-client relationships, attorney trust accounts and fiduciary relationships. The trial court instructed the jury to apply this evidence to the charge of embezzlement only. Defendant argues that this evidence was irrelevant and along with the testimony elicited from defendant on cross-examination, unfairly prejudicial. Relevant evidence is "evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (1988). (Emphasis added.) *See also State v. McElrath*, 322 N.C. 1, 366 S.E. 2d 442 (1988). "Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." *State v. Wingard*, 317 N.C. 590, 346 S.E. 2d 638 (1986) (citations omitted). "Evidence which is essentially background in nature is universally . . . admitted as an aid to understanding." *Santora, McKay & Ranieri v. Franklin*, 79 N.C. App. 585, 339 S.E. 2d 799 (1986), *citing* official commentary to Rule 401. Applying these standards, we find that Mr. Haywood's testimony was relevant to the charge of embezzlement. This assignment is overruled.

**[8]**  Defendant also contends that the trial court erred in instructing the jury on false pretense and embezzlement. Rule 10(b)2 of the North Carolina Rules of Appellate Procedure states in part:

No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

Defendant failed to make a timely objection and has not properly preserved his exceptions to the initial jury charge for appeal. A supplemental charge was given to the jury by the trial court which concerned the specific time in which the intent to deceive must have been present to establish that element of the false pretense charge. Defendant excepted to this instruction. The supplemental instruction was as follows: "I charge you the intent to deceive must have been present at the time the statement was made, not when the funds were received." This instruction was correct and this assignment is overruled.

No error.

Judges ARNOLD and COZORT concur.