STATE OF NORTH CAROLINA v. THEODORE LANG, JR.

No. 923SC77

(Filed 7 July 1992)

1. **False Pretenses, Cheats, and Related Offenses § 18 (NCI4th) — false pretense — value received by defendant — agent for corporation**

   The evidence in a prosecution for obtaining property by false pretense was sufficient for the jury to find that defendant received value from the victim, although the victim's payments were made to a corporation and all stock in the corporation

was owned by defendant's wife and children, where it tended to show that defendant was the president of the corporation and was responsible for and entered into a boat construction contract with the victim on behalf of the corporation. An agent obtaining anything of value for a corporation by false pretense is subject to conviction along with the corporation.

**Am Jur 2d, False Pretenses § 9.**

**Criminal liability of corporation for extortion, false pretenses, or similar offenses. 49 ALR3d 820.**

2. **False Pretenses, Cheats, and Related Offenses § 22 (NCI4th) — false pretense — intent to defraud — sufficiency of evidence**
   The evidence in a prosecution for obtaining property by false pretense was sufficient for the jury to find an intent to defraud by defendant where it tended to show that defendant, who was building a boat for the victim, requested and received from the victim money for engines which were never purchased; defendant represented to the victim that the engines would be delivered within ten days when he had not ordered them; and defendant informed the victim six months later that the engines had been delivered and stored although they had not been purchased and were not in his possession. It was reasonable for the jury to infer from this evidence that defendant never intended to purchase the engines.

**Am Jur 2d, False Pretenses § 9.**

**Criminal liability of corporations for extortion, false pretenses, or similar offenses. 49 ALR3d 820.**

3. **Corporations § 5 (NCI4th) — false pretense — corporate agent — criminal liability**
   A corporate agent obtaining something of value for the corporation by false pretense is not required to own stock in the corporation in order to be subject to prosecution along with the corporation for false pretense.

**Am Jur 2d, False Pretenses § 9.**

**Criminal liability of corporation for extortion, false pretenses, or similar offenses. 49 ALR3d 820.**

4. **Evidence and Witnesses §§ 733, 1113 (NCI4th) — affidavit of indigency — self-incrimination — right to counsel — admission of party opponent**

The admission of defendant's affidavit of indigency in a prosecution for obtaining property by false pretense did not force defendant to choose between his right to counsel and his right against self-incrimination. Furthermore, the affidavit of indigency was admissible under the Rule 801(d)(A) exception to the hearsay rule for an admission of a party opponent.

**Am Jur 2d, Affidavits § 30.**

APPEAL by defendant from judgment entered 9 August 1991 by *Judge J. Milton Read, Jr.*, in CARTERET County Superior Court. Heard in the Court of Appeals 1 June 1992.

Defendant was convicted of one count of obtaining property by false pretense, was sentenced to three years imprisonment suspended, and was placed on supervised probation for five years. In addition, defendant was required to complete 75 hours of community service and to pay fines and restitution totaling $6,600. Upon completion of community service and the payment of fines, defendant's probation is to be unsupervised. Defendant appeals.

Evidence presented by the State tends to show that defendant was president and treasurer of NML Boatbuilders, Inc., Lang Yachts, a business located in Carteret County. In August 1984, Leonard Dricks entered into a contract with defendant's business wherein defendant agreed to build Dricks a boat with a total cost to Dricks of $65,000. Pursuant to the contract executed by defendant as president of NML Boatbuilders, Inc., Lang Yachts, Dricks was to make a series of payments corresponding to the progress made towards completion of the project.

On 29 September 1986, defendant wrote to Dricks that the engines for the boat were ready to be shipped and would require a payment of $6,500. Dricks forwarded a check in that amount to defendant. Approximately one month later, defendant represented to Dricks that the engines would be delivered within the next ten days. When Dricks visited defendant's shop in April 1987, defendant told him the engines were being kept in storage until they were ready to be installed on the boat because they were sensitive to the dirt and dust in the shop. At that time defendant

supplied Dricks with the serial numbers of the engines he had obtained. Testimony was entered that although in November 1986 defendant had asked the supplier to hold the engines in question for 30 to 60 days, the engines had never been purchased by defendant or delivered to his business. The engines with the serial numbers quoted by defendant to Dricks had been held for the requested time period, but then were sold by the supplier to other customers.

Defendant offered evidence that he had ordered the engines, and that work had continuously progressed on Dricks' boat. Defendant also offered evidence that he was not a shareholder in the company, but that all stock is owned by defendant's wife and six children.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Alexander McC. Peters, for the State.*

*David P. Voerman for defendant-appellant.*

JOHNSON, Judge.

Defendant presents three arguments on appeal. First, defendant contends the court erred by denying his motion for nonsuit on the grounds that the State failed to present sufficient evidence of each element of the crime charged. We disagree.

The elements of obtaining property by false pretense are that the defendant (1) obtained or attempted to obtain value from another, (2) by a false representation of a past or subsisting fact or of a future fulfillment or event, (3) which was intended and calculated to deceive, and (4) which does, in fact, deceive. *State v. Cronin*, 299 N.C. 229, 262 S.E.2d 277 (1980). To withstand a motion for nonsuit, the State must have presented substantial evidence of each of these essential elements, or of a lesser included offense. *State v. Workman*, 309 N.C. 594, 308 S.E.2d 264 (1983). All the evidence must be reviewed in a light most favorable to the State, with all discrepancies and inconsistencies being resolved in favor of the State. *State v. Smith*, 291 N.C. 505, 231 S.E.2d 663 (1977).

[1] Defendant first argues that he did not receive anything of value from Dricks, as all payments were made to the business. Defendant also points to the fact that all the stock in the business was owned by his wife and children, contending this further shields him from the charge of obtaining anything of value from Dricks. This argument is without merit. Defendant was the president of

STATE v. LANG

[106 N.C. App. 695 (1992)]

the business, and was responsible for and did in fact enter into the contract with Dricks on behalf of the business. It is well established that an agent obtaining anything of value for a corporation by false pretense is subject to conviction along with the corporation. *State v. Louchheim*, 36 N.C. App. 271, 244 S.E.2d 195 (1978), *aff'd*, 296 N.C. 314, 250 S.E.2d 630, *cert. denied*, 444 U.S. 836 (1979). We find, therefore, sufficient evidence was presented of the first element of the offense.

[2] Defendant next maintains the State failed to show he had the requisite intent to cheat and defraud Dricks at the time of the representation. Defendant argues that at most he is guilty of breach of contract which does not establish the intent to defraud. *Cronin*, 299 N.C. at 229, 262 S.E.2d at 277. We disagree.

Evidence was presented that defendant requested and received the money for engines which were never purchased. Defendant then represented to Dricks that the engines would be delivered within ten days when he had not ordered them. Finally, when Dricks visited the shop approximately six months later, defendant informed him that the engines had been delivered and were being stored, though they had not been purchased and were not in his possession. From these facts it is reasonable for the jury to infer that defendant never intended to purchase the engines. Nothing more is required to defeat the motion for nonsuit on this ground.

Finally, in support of this argument, defendant contends again that evidence of the nonfulfillment of a contractual agreement, standing alone, is not sufficient to show intent to defraud. For the reasons discussed above, we find this argument to be without merit.

[3] By his next assignment of error, defendant contends the court improperly instructed the jury that defendant could be charged along with the corporation. Defendant argues the evidence was not sufficient to warrant piercing the corporate veil because there was no evidence that he was a primary stockholder in the company. As discussed above, an agent obtaining anything of value for a corporation by false pretense is subject to conviction along with the corporation. *Louchheim*, 36 N.C. App. at 271, 244 S.E.2d at 195. In addition to *Louchheim*, defendant relies on *State v. Earnest*, 64 N.C. App. 162, 306 S.E.2d 560 (1983), *disc. review denied*, 310 N.C. 746, 315 S.E.2d 705 (1984), in which the agent who was convicted of embezzlement was also a major stockholder in the com-

STATE v. LANG

[106 N.C. App. 695 (1992)]

pany for which he acted. Defendant maintains that the facts of these cases indicate an intent by the courts to make share ownership a requirement for the application of the rule permitting the prosecution of the agent. We disagree. None of the cases relied on by defendant make lack of share ownership a protective shield for a corporate agent. We decline to extend the rulings in these cases to include this requirement.

[4]    In his final argument, defendant contends the court improperly admitted his affidavit of indigency because the document is hearsay, and the admission violated his right against self-incrimination, his right to counsel, and his right not to testify against himself. There is no merit to this argument.

First, defendant argues that because he was required to execute the document in question in order to qualify for counsel, he has been forced to "choose" between his right to counsel and his right against self-incrimination. It is noted that the document was entered into evidence without an objection that defendant's right against self-incrimination was being violated. Accordingly, defendant may be deemed to have waived that right at trial. *See State v. Thomas,* 284 N.C. 212, 200 S.E.2d 3 (1973). It is also noted that defendant was represented at trial and so may not complain that the admission of the affidavit deprived him of his right to representation.

Defendant next argues the affidavit was inadmissible hearsay. This is incorrect. N.C. Gen. Stat. § 8C-1, Rule 801(d)(A) (1990) permits a statement if it is offered against a party and is that party's own statement. The Rule clearly applies in this case. Further, defendant made no objection upon the document's admission on the grounds of hearsay. Finally, defendant has not shown any prejudice resulting from the admission of the affidavit, or that the outcome of his trial would have been different absent the admission of the document. Under these circumstances, we can find no error by the court in admitting the affidavit.

For these reasons, we find defendant received a fair trial free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge WYNN concur.